### KIMBRELL v. PAGE.

ISSUE OF LAW AND EQUITY—PRACTICE.—Where an action is brought for partition, and one defendant sets up title in himself, the case is put on calendar two, and transferred to calendar one for trial of issue of title, and the jury finds this issue in favor of such defendant, there remains no equity issue to be settled on calendar two, and the Circuit Judge may dismiss the complaint in an order made out of Court refusing a motion for new trial of the issue of title.

Before PURDY, J., Aiken, December, 1903. Affirmed.

Action by Benjamin Kimbrell *et al.* v. Ophelia Page *et al.* From Circuit order dismissing complaint, plaintiff and defendants, F. C. Cummings and Robert Kimbrell, appeal.

*Mr. Jas. F. Izlar,* for appellants, cites: *Equitable issues must be heard by Court:* Code of Proc., 274; 44 S. C., 116; 12 S. C., 108, 411. *Judge should have framed issues:* 20 Stat., 696.

*Messrs. Hendersons,* contra, cite: *Issue of title in partition must be tried by jury:* 12 S. C., 97; 36 S. C., 559; 41 S. C., 195; 67 S. C., 276.

November 24, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES. In this action for partition of real estate in Aiken County, the defendant, Ophelia L. Page, and other defendants claiming under her, in possession, resisted, setting up title paramount in themselves.

The "Case" states: "At the October, 1903, term of this Court, the case appeared upon Calendars 1 and 2, and in the regular trial of the jury cases before his Honor, Judge Purdy, this case was tried on Calendar 1, before a jury, upon the issue of title raised by the pleadings upon the evidence submitted, the arguments by counsel and the charge of the Judge; and the jury rendered the following verdict: 'We find for the defendant, Ophelia L. Page, and those claiming in like interest with her.' Upon the rendition of this verdict by the jury, the attorneys of the said Ophelia L. Page and those of the defendants interested with her moved to have the case called up on Calendar No. 2 and there disposed of by dismissing the complaint. This was objected to by the attorneys representing the plaintiffs and those of the defendants having a like interest with them, who stated that they did not consider that the verdict of the jury disposed of the case, and that they had a right to have the matter tried and disposed of on the equity side of the Court. Thereupon the plaintiffs' attorneys proceeded to make a motion for a new trial. After the argument of the motion for a new trial, the Court took the papers and reserved its decision, and the case was not called on Calendar No. 2, and the equitable issues involved in the partition suit were not heard and determined by the Court at said term.

"The attorneys for the plaintiffs and those of the defendants having a like interest with them, then left the court house to await the decision of the said Court on the motion for a new trial on the issue submitted to the jury. After the Courts for the Second Circuit had been concluded and the presiding Judge, R. O. Purdy, had left said Circuit, to

wit: on the 24th day of December, 1903, he filed with the clerk of the Court of Common Pleas for the county of Aiken aforesaid the following order on the motion for a new trial made as aforesaid:

" 'The jury having tried the issue of title and having found a verdict for the defendants for the land in dispute, and a motion for a new trial having been made and the same having been heard by me, it is ordered, that the motion for a new trial be and the same is hereby refused.

" 'It is further ordered and adjudged, that the complaint be and the same is dismissed with costs.' "

Order dated December 22, 1903, South Carolina, Aiken County.

The exceptions, three in number, raise practically the question whether the Court erred in dismissing the complaint under the circumstances stated. We think there was no error. The issue of title having been submitted to the jury and they having found title in the respondents, and the Court having refused to disturb the verdict, there was really no equitable issue remaining to be determined, the verdict conclusively establishing that plaintiffs had no equity. Where some equitable issue would still remain for determination after a verdict on the question of title, the proper practice would be to hear and determine such independent issue on the equity calendar; but where, as in this case, the verdict standing is absolutely conclusive against plaintiffs' alleged equity, nothing remains to be done except a formal dismissal of the complaint, which has been done. To remand the case merely for the purpose of requiring the Court to do what inevitably must be done, and which has already been done, would indeed be to "roll an empty barrel."

The judgment of the Circuit Court is affirmed.