LANCASTER v. LEE.

1. TITLE—ISSUES—WASTE.—In action by remaindermen to stay waste by life tenant, where he claims the land by fee simple title, the case is properly transferred from calendar 1 to calendar 2, and question of defendant's title submitted to jury, and such submission is not an issue out of chancery.

2. EVIDENCE — SECONDARY — DEED — LOST PAPERS—RECORDS—FRAUD— PLEADINGS.—Upon proof of execution, delivery and loss of a deed, a record thereof, which has been ruled out because of non-compliance with registry laws, may be introduced as copy of original, upon proof that it is a correct copy, where the lost deed is attacked for fraud. Judge should exercise great care in requiring satisfactory proof of execution, and loss, where deed is attacked for fraud.

3. CHARGE—DEED—FRAUD—PLEADINGS.—Where the issue raised is whether a deed had been executed and delivered, as alleged in answer, the charge as to the requisites of the form, execution and delivery of a deed, is not erroneous because it does not cover the *bona fides* of the deed and the question of fraud raised by reply to answer, which pleading was unnecessary, as a plaintiff may always attack a deed for fraud set up by defendant without pleading fraud.

4. APPEAL—ISSUES—PRACTICE—MOTION—NEW TRIAL.—Where verdict has been rendered on claim of title by defendant in action to stay waste, and plaintiff has served notice of intention to appeal from the verdict, which determines the equity issues, he can not complain that the Judge did not hear equity issues at that term, and the fact that a deed lost at the hearing before jury has been found, does not affect it; the remedy for that being motion for new trial on after-discovered evidence.

Before ALDRICH, J., April, 1904, and DANTZLER, J.. July, 1904.   Affirmed.'

Action by Annie Lee Lancaster and Minnie Lee Faust against Richard F. Lee, Sr., Brice Lee and Richard F. Lee, Jr. From judgment on verdict on issue of title and from Circuit orders refusing to hear equitable issues, plaintiffs appeal.

*Messrs. Izlar Bros.* and *Rice,* for appellants, cite: *When secondary evidence of contracts of a lost deed is admissible:* 1 Bay, 255; 11 S. C., 429; 35 L. R. A., 321; 37 S. C., 102; 43 S. C., 199; 49 S. C., 242; 33 S. C., 281; Jones on Ev., secs. 229, 230; Code, 1902, 2896; 7 Rich., 509; Code, 1902, 948; 81 N. Y., 474; 38 S. C., 199; Jones on Ev., sec. 45. *Judge must hear equity issues:* 12 S. C., 108; 14 S. C., 273; 16 S. C., 70; 17 S. C., 425. *As to the practice where issues of fact are to be submitted:* 11 S. C., 451; 50 S. C., 259; 53 S. C., 129; Bless. Code Pl., sec. 395.

*Mr. E. T. LaFitte,* contra, cites: *Fraud is a legal issue when raised in issue of title and triable by jury:* 22 S. C., 314; 1 Hill, 380; 9 Rich., 106. *Issue of title set up by defendant in equity suit is always triable by jury as matter of right:* 44 S. C., 364; 41 S. C., 195; 42 S. C., 92; 31 S. C., 262; 23 S. C., 288; 25 S. C., 72. *All equitable issues fell with verdict of jury:* 23 S. C., 388; 31 S. C., 262; 60 S. C., 559; 36 S. C., 559.

April 1, 1905. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiffs, claiming an estate in remainder, under the will of their grand-father, Linton Lee, who died September, 1865, brought this action against their father, Richard F. Lee, Sr., the alleged life tenant, under the will, and their brothers, Richard F. Lee, Jr., and Bruce Lee, for injunction to restrain waste in cutting timber from the land described. The defendants, by their answer, denied that plaintiffs had any estate in the premises and set up fee simple title in Richard F. Lee, Sr., under a deed by said Linton Lee, to him, alleged to have been executed December 15th, 1864. This issue of title was submitted to a jury before Judge Aldrich and they rendered verdict in favor of defendants. Defendants made motion for a new trial which was refused. Judgment was entered upon the verdict and plaintiffs gave notice of intention to appeal.

Counsel for plaintiffs, having informed the Court that he had evidence to submit upon the equitable issues, Judge Aldrich ordered that the case be transferred to calendar 2 and continued.

The case being on calendar 2, at July term, 1904, was called by Judge Dantzler and thereupon plaintiffs' counsel moved for a trial at said term or an order to take testimony, but Judge Dantzler refused the motion. The appeal is from this order as well as from the judgment on verdict on the issue of title and the rulings and charge of Judge Aldrich on said trial.

(1) The first question we notice is whether this was a case in which the issue of title was properly submitted to the jury. It has been settled by repeated decisions that in equity cases, such as partition and foreclosure of mortgage, whenever an issue of title is raised by the pleadings, it is properly triable by a jury. There is no good reason why the same rule should not apply in a case in equity for injunction to stay waste, wherein the issue of title is raised. In *Bank* v. *Peterkin,* 52 S. C., 238, 29 S. E., 546, it is broadly asserted that this rule applies to any case in equity wherein is raised the issue of title to land which, if successful, would defeat plaintiff's recovery. The same general rule had been stated in *Sale* v. *Meggett,* 25 S. C., 77. Furthermore, the order transferring the case to calendar 1, because of the issue of title raised, was done with the consent of plaintiffs' counsel, H. F. Rice, endorsed on the order. Such an issue submitted to the jury was not an issue out of chancery for the mere enlightenment of the chancellor's conscience, to be accepted or rejected by him as he pleased, but was a legal issue triable by jury, whose verdict is final on the question until set aside by competent authority.

(2) We consider next whether Judge Aldrich erred in allowing secondary evidence of the existence, execution and contents of the deed of Linton Lee to Richard F. Lee, Sr.

This deed purports to have been executed December 15, 1864, by Linton Lee to Richard F. Lee, Sr., and purports to convey in fee simple the premises in which plaintiffs claim interest as remaindermen under the will of said Linton Lee. No attempt was made to record same until after the commencement of this action. About September, 1903, the original deed was delivered to the clerk of court for Bamberg County for record, and it was transcribed in book "C," page 491, of that office; but for want of compliance with the statute, regulating recording, the Circuit Court ruled that it had not been properly recorded and was, therefore, not an official record. After this attempt to record, the original deed had been returned by the clerk to one of the defendants, who gave it to Mr. LaFitte, attorney for defendants, who, for convenience of parties and for safe keeping, delivered it to the deputy clerk, who died before the trial. On the trial, the deed could not be produced after diligent search in all proper places. The Court, after very considerable evidence as to the existence, execution and loss of the paper, allowed the clerk of the court, who had transcribed the deed upon the book in his office, to state it was a correct copy, and allowed such copy to go in evidence in proof of the contents of the deed.

Under *State* v. *Crocker*, 49 S. C., 242, 27 S. E., 49, if the deed had been properly recorded, the official record, upon proof of the loss of the original, could have been introduced without previous notice. But as the transcription of the deed was held not to be an official record, the question is whether, under the common law rules of evidence, the transcript was admissible to prove the contents of the deed. Under such rules of evidence, the contents of a lost paper may be proved by a copy as secondary evidence, when it is shown that the copy has been compared with the original and is correct. Wharton on Criminal Evidence, 178; Starkie on Ev., 9 Amer. ed., 270; 2 Phillip on Ev., 480. This requirement was fully met in this case by the testimony of the clerk of the court that he had himself actually tran-

scribed the original deed upon the book in his office. Appellants argue, however, that this rule should not apply in the circumstances of this case, because the deed is attacked for fraud in the pleadings, and the production of the original is necessary in such case. However weighty such a consideration might be, if there was reason to suspect fraud, in inducing great care on the part of the Circuit Court in requiring satisfactory proof of execution and loss, it still could not have the effect to alter the above stated rule of evidence.

(3) The Court instructed the jury as follows: "The law is, that if Linton Lee made a deed of land to Robert F. Lee, then that deed must have been in writing, must have described the land he was going to sell, or make some proper reference by which it could be located, and it must have been signed by Linton Lee; it must have been signed in the presence of two witnesses, because the law requires that a deed must not have only been signed by the grantor and two witnesses, but it must have been executed by the grantor, Linton Lee—that is, he must have made the deed or adopted the deed as his own and have signed it with his name and affixed his seal to his signature, 'L. S.' Then, in order to make it complete to pass the land, he must have delivered the deed to Robert F. Lee. There is a request here upon that very principle. The second request of the defendant is, 'That if the jury believe from the testimony, that Linton Lee, the testator, conveyed the fee in the land in dispute to the defendant, R. F. Lee, and it was delivered (and to constitute a delivery it is only necessary for the grantor to part with the dominion of the paper title in his lifetime to the grantee), then they must find for the defendants.' That is substantially correct; but I will modify or explain it, rather, a little more. First, what does dominion mean? Dominion means to pass the instrument of writing from one man to another as symbolic of his transferring the land to the person to whom it is delivered. Now the delivery must be made; it

must be had.   If a man draws a deed and intends to deliver it, but never does, it is never a deed because it is not consummated by delivery; and that delivery must be an actual delivery, that is, the maker of the deed must intend to pass it over to the grantee, the person to whom it is made, his dominion and right to the control over the property as set out in the deed passes with the delivery; sometimes it is called manual delivery, handing it over to him."

It is objected that this charge is reversible error, because it ignored the question of the *bona fides* of the instrument and the question of fraud raised by the pleadings.

The plaintiffs, in reply to defendants' answer, did stoutly allege that the deed was never duly executed and delivered, and was fraudulent, null and void.   As matter of pleading, such reply was wholly unnecessary, as the Code does not require any reply to answer not setting up a counter-claim, and it is always permissible to plaintiff to show in evidence without pleading that a deed relied on by defendant is void for fraud.   *Amaker* v. *New,* 33 S. C., 28, 11 S. E., 386. The fact that plaintiff alleged fraud, did not make it encumbent on the trial Judge to qualify his said charge by reference to the allegation of fraud.   To justify a Court in submitting a question of fraud to a jury, there must be some evidence of fraud.   The real issue was not that Linton Lee and Richard F. Lee, Sr., committed a fraud in the execution and acceptance of the deed in question, in 1865, since, of course, Linton Lee, as against the plaintiffs, had the right to dispose of his property by deed to the defendant, if he saw fit to do so, notwithstanding a former will making a different disposition.   There was no suggestion that Linton Lee, at the time of the alleged execution of the deed, was incapable of making a deed, or was weak of mind and acted under undue influence exerted by defendant, and no creditors' rights are involved at all.   Therefore, the real question was whether the deed had, in fact, been executed and delivered as alleged in defendants' answer.   Upon this question, the charge of the Judge was full, clear and correct.

(4) The question is made that Judge Aldrich erred in not hearing the case on the chancery side of the Court at the same term of Court that the issue of title arising out of the pleadings was submitted to the jury. With reference to the order of Judge Dantzler, the question is made that he should have heard the case when called on calendar 2, July term, 1904, or should have referred the case to the master to take testimony instead of continuing the case. On this motion, plaintiffs' counsel announced to the Court that the lost deed had been found, and its production would require further testimony on the part of plaintiffs.

We think appellants can take nothing by the exceptions raising these questions. In the first place, appellants gave notice of appeal from the verdict and judgment on the issue of title. This was suffcient to warrant Judges Aldrich and Dantzler in declining to proceed with the final disposition of the case, and whether it was proper practice or not to enter up judgment on the verdict on the issue of title in a case in equity, appellants are not in a position to complain of failure to proceed to hear the alleged equitable issues in face of their appeal from the result of the trial of the legal issues of title, upon which the equitable issue depended.

In the next place, appellants were not in the least prejudiced by failure to proceed with the determination of the alleged equitable issue, because so long as the verdict stands, showing that plaintiffs have no interest in the premises, and that defendant, Richard F. Lee, Sr., is the owner in fee simple, plaintiff's alleged equity to enjoin waste is completely overthrown, and the inevitable result of the hearing on said equitable issue must be to dismiss the complaint, as no equity remains which is not determined by the verdict. See *Kimbrell* v. *Page*, 70 S. C., 217, 49 S. E., 477.

The announcement that the lost deed had been found and that further testimony was necessary, could not have effect upon the result in that condition of the case. If the finding of the lost paper was deemed important to plaintiffs, as

after-discovered evidence, they should have taken timely steps to secure a hearing for a new tral on that ground.

The foregoing conclusions control all the exceptions, and require that they be overruled.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE GARY *did not sit in the case because of illness.*