## POSTON v. INGRAHAM.

1. REAL PROPERTY—SPECIFIC PERFORMANCE—LIMITATION OF ACTIONS.— Where a purchaser enters into possession of land under a valid parol contract to purchase, he has nothing more than an equity to require execution of a deed upon payment of purchase money, and Statute of Limitations is not applicable to an action for specific performance.

2. ESTOPPEL.—The language used by the Circuit Judge in giving the jury a form of verdict clearly made known his impression that the form suggested was agreeable to counsel on both sides and as no objection was made then, defendant can now be heard to object.

3. SPECIFIC PERFORMANCE—ISSUES—LACHES.—In action for specific performance, defendant setting up title paramount and Statute of Limitations, finding by jury for plaintiff of an amount due, settles these issues against defendant; but there remains in this case under the facts the equitable issue of laches, which the Judge who tried the case did not decide, but after verdict transferred the case to Calendar 2.  The succeeding Circuit Judge was in error in holding that his predecessor was of opinion that all issues had been settled in favor of plaintiff, and he should not have signed order refused by predecessor, but should have tried the equitable issue of laches. The defense of laches need not be pleaded.

Before WATTS, J., Chesterfield, June, 1905.    Reversed.

Action by Gracy D. Poston against Annie J. Ingraham, Campbell Ingraham, W. C. Ingraham, and Mary A. R. Laney.    From judgment for plaintiff, defendants appeal.

*Messrs. R. T. Caston* and *G. K. Laney,* for appellants. The former cites: *Issue of title in partition suit must be tried by jury:* 53 S. C., 575; 54 S. C., 353; 28 S. C., 530; 31 S. C., 264; 71 S. C., 282; 52 S. C., 238.    *Courts of equity will give effect to the statute of limitations:* 69 S. C., 235; Bail. Eq., 437.    *Plaintiff's remedy was by appeal, as one Circuit Judge cannot review acts of another:* 52 S. C., 308; 54 S. C., 353; 16 S. C., 464; Code, 287; Rule LXI., of C. C.

*Messrs. Stevenson & Matheson,* contra, cite: *Purchaser cannot acquire title by adverse possession until purchase money has been paid:* 21 S. C., 123.    *Vendor is entitled to specific performance:* 21 S. C., 121; Rich. Eq. Cases, 245. *Issues were properly stated:* 58 S. C., 222.    *As to the right of Judge Watts to end the case: Aultman* v. *Salinas:* 69 S. C., 197; 70 S. C., 400.

February 27, 1907.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    The plaintiff, claiming in the right of the vendor, brings this action for specific performance against the devisees of the vendee to enforce payment of the alleged balance due on the purchase money of a tract of land.    The case as made by the complaint is this: the plaintiff's mother, Mary A. Campbell, who was the owner of the land, sometime before her death on the 17th of July, 1878, contracted by parol to sell it for four hundred dollars to her son-in-law, C. W. Ingraham.    Ingraham immediately entered under the contract and remained in possession until his death on the 3d of September, 1893; and the defendants,

as his devisees, have been in possession since his death, but the purchase money has never been paid. In her own right as an heir of Mary A. Campbell and by purchase of the claims of the other heirs, the plaintiff owns two-thirds of the tract of land and the defendants own one-third as the heirs of their mother, another daughter of Mary A. Campbell.

The defendants, in their answers, specifically deny that either the plaintiff or the other heirs at law of Mary A. Campbell, whose interest the plaintiff claims to have purchased, have ever had any interest in the land and allege the sale and conveyance of the land to their testator, C. W. Ingraham by Mary A. Campbell, and the receipt by her from him of the entire purchase money. The defendants also pleaded the statute of limitations.

It will simplify the questions involved to observe that the complaint, being for specific performance of a contract, obviously states an equitable cause of action; while the answer sets up purely legal defenses, namely, paramount legal title by deed from plaintiff's ancestor and the statute of limitations. In this state of the pleadings the defendant was entitled to a trial by a jury at least on the legal issue of paramount title. *Lancaster* v. *Lee,* 71 S. C., 286, 51 S. E., 39; *Sale* v. *Meggett,* 25 S. C., 72; *Bank* v. *Peterkin,* 52 S. C., 236, 29 S. E., 546. Accordingly the case was properly placed on calendar Number one, and a jury trial had before Hon. James Aldrich, Circuit Judge.

On the trial the contract of purchase by C. W. Ingraham from Mary A. Campbell was not in dispute, but the defendants offered no evidence of the actual execution of a deed from her to C. W. Ingraham. The only issues of fact remaining, therefore, were whether the purchase money had ben paid and whether the possession of the defendants and their ancestor were of such adverse character as to make the statute of limitations available. On the part of the plaintiff, evidence was offered of admissions by C. W. Ingraham after the death of Mary A. Campbell of an un-

paid balance of eighty dollars, and of his failure to pay to the plaintiff and other heirs, whose interests the plaintiff now holds, their respective shares of this balance.     In rebuttal the defendant offered testimony of the assertion by C. W. Ingraham of full payment to Mary E. Campbell, on the very occasion when the witnesses for the plaintiff attributed to him an admission of an unpaid balance.     The jury found a verdict of "fifty-six dollars and interest thereon from 1880."     The exceptions to the charge of the Circuit Judge are to be considered in view of the issues just stated.

There was no prejudicial error in saying to the jury: "The issues in this case you must pass upon—or some of them are these: Did Mrs. Mary A. Campbell make a sale of land to C. W. Ingraham?     Another issue is: After her death did the heirs at law ratify as alleged here and make good that sale, stand by the sale of Mrs. Campbell to C. W. Ingraham?"     The verdict shows the jury found there had been a sale in accordance with the admissions of all parties, and almost the entire purchase money had been paid.     It is familiar law that when a purchaser enters into possession of land under a valid parol contract of sale he has nothing more than an equity to require the execution of a deed upon payment of the purchase money; the seller, in the mean time, retaining the legal title.     It is also well settled the statute of limitations is not applicable to an action for specific performance.     The possession is not adverse under a contract to purchase until payment is made.     *Secrest* v. *McKenna*, 6 Rich. Eq., 72; *Blackwell* v. *Ryan*, 21 S. C., 112.     The exceptions charging error on these points must fail.

The next question is as to the effect of the verdict of the jury.     "We find for the plaintiff fifty-six dollars and interest from 1880."     At the conclusion of his charge, Judge Aldrich gave the jury a form indicating the verdict would be either for the defendants or for the plaintiff for any sum they found unpaid on the purchase money of the land.     The language used by the Circuit

Judge in this connection clearly made known his impression that the form suggested by him was agreeable to counsel on both sides, and as no objection was made then we do not think defendant can now be heard to object.   The verdict obviously meant a finding by the jury against the defendants on all the legal issues made by the answer and as there was no prejudicial error in the charge on these issues it is final.

The vital question remains, whether after the verdict settling the legal issues there remained any equitable issue to be decided by the Circuit Judge, and if so, whether the defendants are in a position to avail themselves of such issues.   Even after the decision of the legal issues by the verdict there was, at least, one defense available to the defendants raising an equitable issue, namely, that the claim should be adjudged stale and barred by the laches of the plaintiff, by reason of the inaction of the plaintiff from 1878, the date of the death of Mrs. Mary A. Campbell, the seller, up to 1903, when this action was commenced; the death in the mean time of W. C. Ingraham, the purchaser, who it was alleged, failed to pay for the land and under whose will the defendants were in possession, placing the defendants at the disadvantage of not having the benefit of his testimony as to the transaction.   It is true laches was not set up as a defense in the answer, but the better opinion is that it need not be specifically pleaded but may be considered at the hearing as a matter affecting the merits of the claim in the judicial conscience.   *Sullivan* v. *R. R. Co.,* 94 U. S., 806, 23 L. Ed., 324; *Richards* v. *Mackall,* 124 U. S., 183, 31 L. Ed., 396; *Wagner* v. *Sanders,* 62 S. C., 73, 39 S. E., 950.

The defendants were entitled to have the Court pass on the equitable issues which were not submitted to the jury and not concluded by the verdict.   That the Circuit Court did not pass on them we think will appear clearly from the proceedings of the Court as they appear in the record.   Immediately after the verdict was received and defendant's

motion for a new trial refused, plaintiff's counsel asked for a decree in favor of the plaintiff against the defendants for the amount found by the jury, and for the sale of land in default of payment by a fixed date, the proceeds of the sale to be applied to the payment of the debt, interest, and costs. Judge Aldrich refused to grant the decree, saying, "That it involved an equity trial and was not on the proper calendar and he did not have time to try it if it was, before Court adjourned," and thereupon, the plaintiffs took the following order:

"On motion of Stephenson & Matheson,

"It is ordered that this case be transferred to calendar No. 2 for such proceedings as may be necessary.

"Nov. 12, 1904:"

During the June term of Court, 1905, the plaintiff's attorneys applied to Judge R. C. Watts, presiding, to grant the decree which had been refused by Judge Aldrich, the defendant's attorneys resisted this application upon the ground that the Judge had no jurisdiction to grant this or any other order, which had been heretofore asked for and refused by a presiding Judge.

Upon hearing statement of counsel as to what occurred before Judge Aldrich, in which statement the attorneys for plaintiff and for defendants materially differed, Judge Watts upon the statements made by the plaintiff's attorneys granted a decree which recited the proceedings before Judge Aldrich and decreed in favor of the plaintiff the amount found by the jury, and in case payment was not made by October the first, 1905, ordered a sale of the land to enforce it. This decree, which Judge Watts held to be administrative merely, is placed on the specific ground that Judge Aldrich in refusing the motion for a new trial expressed his conviction, "That the plaintiff was entitled to recover the amount set forth in the verdict and to have the contract specifically performed by the payment of the amount with interest from December the 31st, 1880, or to have the interest owned by

said plaintiff sold and the proceeds applied to the payment of said amount and costs."

We are unable to agree to this view of the effect of Judge Aldrich's action. His refusal after the verdict to grant a final order on the equity side of the Court, saying that it involved an equity trial, meant that the equities of the cause were still to be tried and decided. As we have seen, the verdict on the legal issues was not conclusive of all the equitable issues as in *Kimball* v. *Page,* 70 S. C., 217, 49 S. E., 477, and the defendants were entitled to submit any equities arising in the case to the determination of the Court after the decision of the legal issues.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the case remanded for the trial of such equitable issues as the parties may be entitled to submit to the Court under the pleadings.