6866

## WOOD v. PACOLET MFG. CO.

1. CHARGE.—While it is better practice for the judge not to state to the jury what effect their verdict would have on the equity issues, under the evidence in this case it is not prejudicial error for the judge to say to the jury, a verdict for the plaintiff would continue the injunction and a verdict for the defendant would dissolve it.

2. COMPENSATORY DAMAGES for trespass does not depend on negligence.

3. NEW TRIAL.—VERDICT here on complaint for actual and punitive damages, there being no evidence of wilfulness, or high-handedness, sustained, as there was evidence of actual damages to the amount of the verdict.

   *Barfield* v. *Coker*, 73 S. C., 192, *distinguished from this.*

4. IBID.—DAMAGES.—Under allegation of injury from blasting rock on plaintiff's land, it is not ground for new trial that proof does not show the damage resulted from a special kind of trespass or a trespass at a particular place.

5. INJUNCTION.—Order restraining defendant from blasting rock "below the center of the mouth of the branch referred to in the testimony as it originally ran," reversed for indefiniteness, as the mouth of the branch as it originally ran was not located by the evidence, or the verdict of the jury, or the order.

Before DANTZLER, J., Spartanburg, December, 1906. Modified.

Action by Mary E. Wood against Pacolet Mfg. Co. From judgment for plaintiff, defendant appeals.

*Mr. Ralph K. Carson,* for appellant, cites: *Judge should render his own judgment on equitable issues and not make it depend on verdict of jury:* 6 S. C., 212; 9 S. C., 147; 12 S. C., 53; 28 S. C., 81. *Negligence and wilfulness are distinct causes of action:* 64 S. C., 491; 72 S. C., 257; 74 S. C., 237; 61 S. C., 170. *Verdict is based on negligence, complaint on wilfulness:* 61 S. C., 170; 65 S. C., 493; 66 S. C., 544. *Decrees in injunctions should be definite and certain:* 15 Ala., 472; 29 Ark., 637; 10 Ill., 332; 27 Ill., 152; 65 Conn., 365; 29 L. R. A., 592.

*Messrs. Simpson & Bomar* and *Stanyarne Wilson,* contra, cite: *Remark by Court in stating issues was immaterial and not objected to, is not reversible error:* 68 S. C., 397. *Court had right to adopt verdict as basis of injunction:* 49 S. C., 135.

April 14, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff owns lands on the Pacolet River, adjoining the lands of the defendant, on which its large cotton mills stand. The action was brought for damages, both actual and exemplary, alleged to have been inflicted by the trespass of the defendant in wilfully, oppressively and wantonly blasting out and removing rock from the plaintiff's land, and to enjoin the defendant from further threatened trespass. A temporary injunction was granted pending the trial of the cause. On the trial of the issue of trespass and damages flowing therefrom, the plaintiff secured a judgment for one thousand dollars. The Circuit Judge, in refusing the motion for a new trial, made the injunction permanent.

We consider first the exceptions relating to the jury trial on the law side of the Court.

The error first assigned is, in charging the jury the injunction would be continued if the verdict should be in favor of the plaintiff, and dissolved if for the defendant. It is true, as a general proposition, that a verdict for damages for a trespass on real estate, in favor of the plaintiff, though conclusive of the right of possession and use, is not conclusive of the right to equitable relief of injunction. For, while a plaintiff may prove a single past trespass from which damages would flow, he might entirely fail to prove more than one trespass or any threat or purpose of the defendant to commit any future trespass. But in this case, as a practical matter, there was no possibility of detriment to the defendant from the remarks of the Cir-

cuit Judge. There was no dispute that the thread or chan-
nel of Kirby Spring Branch, as it was before 1893, was the
true dividing line between the lands of the plaintiff and the
defendant. The plaintiff's right to recover damages de-
pended on whether blasting had been done on plaintiff's side
of the branch as it then ran. On this issue the verdict
against the defendant was conclusive. Even the evidence
on the part of defendant showed that preparation had been
made to continue blasting on the disputed land, and upon
the jury finding for the plaintiff, necessarily the Circuit
Judge must have enjoined the blasting contemplated by the
defendant. On the other hand, had the verdict been for
the defendant, that would have meant the land belonged to
the defendant, there would have been no reason to continue
the injunction; for even if the jury had concluded there was
no actual damages from the blasting, yet in finding the land
to be the property of the plaintiff, the verdict necessarily
must have given her at least nominal damages for the tres-
pass of entering and blasting rock. It is better practice in
such cases for the Circuit Judge not to intimate to the jury
what effect he would give to their verdict in passing on the
equitable issues, but for the reasons stated, we think, under
the evidence offered in this case, there was no prejudicial
error in saying to the jury, the continuance or dissolution of
the injunction would depend on the verdict.

If the charge on the subject of negligence can be con-
strued to mean the plaintiff could not recover unless the
trespass was negligently committed, then it was too
favorable to the defendant; for the recovery of dam-
ages for a trespass upon the lands of another does
not depend on negligence. Damages which will compensate
the owner for injury done are recoverable for even uninten-
tional trespass. *Baldwin* v. *Postal Tel. Co.,* 78 S. C., 419.

We consider next the grounds of the motion for a new
trial. There was not an entire absence of evidence tending
to show the defendant had blasted rock in or near Pacolet

4—80

River, on the plaintiff's side of the thread or channel of Kirby Spring Branch, as it was in 1893, and it was not error of law to refuse to sustain this ground of the motion.

The second ground is thus stated in the record: "Because the verdict is excessive, there being no evidence showing that the defendant trespassed knowingly and wifully upon the plaintiff's land, and there was no evidence to support a verdict for one thousand dollars for actual damage."

We are unable to find any evidence whatever of a trespass committed with a high hand, or wilfully or oppressively. The whole evidence shows, beyond the least doubt, that the plaintiff entered on the land and blasted rock under a *bona fide* claim of title, without breaking the plaintiff's close and without insult or outrage of any nature whatever. Indeed, the main issue was whether the defendant had made any entry at all on land owned by plaintiff, or in her possession, or had only put to use by blasting, land owned and held by it long before any dispute arose. But we do not think there was error in not granting a new trial on this ground, because there was evidence of actual damages which, if credited by the jury, was sufficient to warrant the verdict for one thousand dollars. The Court should not infer that punitive damages entered into the verdict, for to do so would be to assume the jury acted on caprice and embraced in the verdict punitive damages without regard to the fact that there was no evidence to warrant such damages. On the contrary, the jury should be given the credit of acting reasonably, and finding a verdict for actual damages on the evidence which tended to prove such damages to at least the amount of the verdict. There was evidence to support the verdict for one thousand dollars, and we can not hold, as a matter of law, the Circuit Judge erred in refusing a new trial. *Sutton v. Power Co.,* 76 S. C., 320; *Ruddell v. Ry. Co.,* 75 S. C., 290, 55 S. E., 528. The rule thus stated in *Barfield v. Coker,* 73 S. C., 181, 192, 53 S. E., 170, does not affect this conclu-

sion: "Under this view there was error of law in not setting aside the verdict as to the second cause of action, and there must be a new trial as to that cause of action. But since the verdict is a general one, and it can not be said to which cause of action it relates, and there is no means of apportioning the verdict as between said causes of action, a new trial must be granted on the whole case, under the authority of *Lampley* v. *Atlantic Coast Line Co.,* 63 S. C., 462, 41 S. E., 517, and *Jones* v. *Railroad,* 70 S. C., 217, 49 S. E., 477." Here assuming the complaint states two causes of action, it can be said with certainty the verdict should be considered to embrace compensatory damages only, because there was evidence of such damages to the amount of the verdict, and no evidence whatever to suggest even a basis for punitive damages. A very different question would be presented if the Circuit Judge had refused a *nonsuit* as to punitive damages, or refused to instruct the jury that there was no evidence to warrant such damages.

If the complaint did not state with sufficient distinctness the injuries done to plaintiff by the alleged trespass, the remedy was by motion to make the complaint more definite and certain. The complaint alleges the blasting of rock by defendant on plaintiff's land and injury arising therefrom. The failure to prove the damage resulted from a special kind of trespass, or trespass at a particular place on the land, was no ground for a new trial.

The exceptions relating to the trial of the legal issues are overruled.

The order making the injunction permanent was in this language: "It is further ordered and adjudged that the defendant be, and is, enjoined and restrained from blasting any rock or entering upon any of the lands of the plaintiff, to wit: any lands claimed by her below the center of the mouth of the branch referred to in the testimony as it originally ran." The position of the defendant, that the order is too uncertain, is well sustained by the

record.   The whole dispute arose out of the uncertainty
as to the location of the thread or channel of the branch in
1893.   There was much evidence as to this location, but
the verdict established nothing on the point, except that the
defendant blasted beyond its own line.   The verdict does
not fix the location, and the order of injunction is not more
definite.   The order of injunction should establish with
accuracy the line beyond which the defendant is forbidden
to go, and the cause must be remanded to the Circuit Court
for that purpose.

The judgment of this Court is, that the cause be remanded
to the Circuit Court for such further proceedings as may be
necessary to fix the boundary line between the plaintiff and
the defendant, and for such further proceedings as may be
necessary in the premises.