### 7334

#### BOLTON v. HENDRIX.

1. DAMAGES—WILFULNESS—TRESPASS.—In an action for wilful trespass on land plaintiff may recover actual damages without proof of a wilful tort.
2. COST.—Full costs may be taxed in an action for wilful trespass on lands.

Before WATTS, J., November term, 1906, and KLUGH, J., March, 1908. Affirmed.

Action by Martha E. Bolton against James A. Hendrix *et al.* From judgment for plaintiff, and order reversing taxation of costs, defendants appeal.

*Messrs. Cothran, Dean & Cothran,* for appellants, cite: *Actual damages not recoverable in this action, except on proof of wilful tort:* 61 S. C., 170; 78 S. C., 419; 80 S. C., 47. *Costs should not exceed amount of recovery:* Code 1902, 3096.

*Mr. Adam C. Welborn,* contra, cites: *Plaintiff entitled to actual damages:* Code of Proc., 186a; 60 S. C., 48; 61 S. C., 170; 64 S. C., 104; 65 S. C., 125; 72 S. C., 257; 73

S. C., 271. *Plaintiff is entitled to full costs:* Code of Proc., 323.

October 23, 1909. The opinion of the Court was delivered by·

MR. CHIEF JUSTICE JONES. This was an action for malicious trespass by defendant upon real estate of plaintiff, by wilfully cutting down and removing a pine tree. On the trial, before Judge Watts, the jury found a verdict in favor of plaintiff for five dollars.

The clerk taxed the costs at five dollars, and, on appeal therefrom, Judge Klugh ordered full costs to be taxed. This appeal is from the judgment on verdict upon exceptions to the charge of Judge Watts, and also from the order of taxation of costs by Judge Klugh.

The exceptions to the charge raise the question whether in an action for wilful trespass upon land recovery can be had for actual damages, without proving that the tort was wilful.

The right to recover actual damages for a trespass upon real property does not depend upon whether the injury was done negligently or wilfully, as recovery of actual damages may be had for even an unintentional trespass. *Baldwin* v. *Postal Tel. Co.,* 78 S. C., 419, 59 S. E., 67; *Wood* v. *Mfg. Co.,* 80 S. C., 49, 61 S. E., 95.

Therefore, there was no error in instructing the jury that if defendant cut and removed a tree from plaintiff's land recovery should be had for actual damages, if the act was done inadvertently or under a belief by defendants that they had a right to do so.

The exception to the order for taxation of full costs must be overruled for reasons stated in the case of *D. L. Vassey* v. *W. L. Spake,* recently filed.

The judgment and order of the Circuit Court are affirmed.