## 10300

### BAXLEY v. BARNWELL LUMBER CO.

#### (101 S. E. 646.)

1. TRESPASS—DAMAGES FOR CUTTING TIMBER NOT LIMITED TO STUMPAGE VALUE.—Where lumber company without owner's consent cut and removed timber which owner had refused to sell and was keeping for plantation uses, owner's measure of actual damages was the damage to the plantation, and was not limited to the stumpage value of timber cut.

2. TRESPASS—STATUTE AUTHORIZING TREBLE DAMAGES NOT APPLICABLE TO TIMBER CUTTING.—Where lumber company without owner's consent cut and removed timber which owner had refused to sell and was keeping for plantation uses, the amount of owner's damages in action for malicious trespass was not arrived at by ascertaining actual damages and trebling amount thereof under Civ. Code 1912, sec. 4069; such statute not being applicable to such an action, but applying only to forcible entry and detainer cases.

3. TRESPASS—PUNITIVE DAMAGES RECOVERABLE FOR CUTTING OF TIMBER WITH NOTICE OF OWNER'S OBJECTION.—If lumber company's agents continued to cut and remove plaintiff's timber after notice that they were cutting on her land against her objection; the company would be liable for punitive damages.

Before McIVER, J., Barnwell, Spring term, 1919. Affirmed.

Action by Fannie Baxley against the Barnwell Lumber Company. Judgment for plaintiff, and defendant appeals.

Defendant's second, fifth and sixth exceptions were as follows:

(2) That the Court erred in allowing the witness, W. H. Baxley, to testify over the objection of the defendant's attorney as to what the damage to the place amounted to; whereas, the Court should have confined the damage to the stumpage value of trees cut.

(5) That the Court erred in charging the jury that they could "take into consideration the damage done to the entire place" by reason of such cutting.

(6) That the Court erred in charging the jury on the question of punitive damages, and defining to the jury what constituted a case where punitive damages would lie, because under the pleadings and under section 4069 of the Code there is ample relief for a case of trespass, and the Court should have charged the jury to find the actual damages; that is, the stumpage value of the said trees so cut. Then triple damages would have followed as a matter of course.

*Mr. A. H. Ninestein,* for appellant, submits: *The pleadings and testimony show a case which comes wholly within section 4069 of the Civil Code of 1912, vol. I, and the jury should have been confined to the damages appropriate to that section. If this case does not come within section 4069, it comes clearly within the case of Remington v. Kirby, 26 S. E. 217, and Wood et al. v. Weaver, 92 S. E. 1001, and the jury should have been confined to the stumpage value of the trees.*

*Messrs. Harley & Blatt,* for respondent, submit: *That section 4069, of vol. I, of the Code of 1912, has no application to the case at bar. The case at bar, in so far as actual damages are concerned, is governed by the case of Sullivan v. Sullivan Power Co., 96 S. E. 405:* S. C. Reporter Advance Sheets of August 18, 1919. *Defendant was a wilful trespasser, and plaintiff was entitled to punitive damages.*

December 22, 1919.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff recovered judgment against defendant for malicious trespass upon her land and cutting and removing timber therefrom. Defendant admitted the trespass, but denied that it was wilful or malicious, and contended that it was done under the honest belief that the timber was on its own lands; therefore defendant denied liability for anything more than the actual damages, which it offered to pay.

There was evidence that defendant's agents continued to cut and remove the timber from plaintiff's land after they had been told that they were cutting on her land, and that she would not sell the timber, but wanted to keep it for plantation uses and as a windbreak to her place.

Defendant is wrong in its contention that the measure of the actual damages was the stumpage value of the timber cut. That might be so in a case where the timber had only a commercial value, but not necessarily so even in such a case, for the owner might not want to sell it at all. But in this case the proof showed that plaintiff had refused to sell the timber, and was keeping it for plantation uses, and that its destruction damaged the value of her plantation. Therefore, the Court properly refused to limit plaintiff's evidence of damage to the stumpage value of the timber cut.

Defendant is also wrong in its contention that section 4069, vol. I, Civil Code 1912, is applicable to this case. That section is applicable only in cases of forcible entry and detainer.

There was no error in the charge that, if defendant's agents continued to cut and remove plaintiff's timber after notice that they were cutting on her land against her objection, defendant would be liable for punitive damages.

Judgment affirmed.