D. C. JACKSON, Appellee,

v.

ATLANTIC COAST LINE RAILROAD COMPANY, Appellant.

No. 8881.

United States Court of Appeals Fourth Circuit.

Argued March 29, 1963.

Decided April 29, 1963.

W. Laurier O'Farrell, Florence, S. C. (Willcox, Hardee, Houck, Palmer & O'Farrell, Florence, S. C., on the brief), for appellant.

John L. Nettles, Florence, S. C. (H. E. Yarborough, Jr., Florence, S. C., on the brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BRYAN, Circuit Judges.

PER CURIAM.

In this action the appellee, D. C. Jackson, procured a judgment in the District Court on a jury's verdict against the appellant, Atlantic Coast Line Railroad Company, for damages resulting from the settlement of waste oil escaping from the Railroad's yard at Florence, South Carolina, upon the land of Jackson. Punitive as well as compensatory damages were allowed. The Railroad appeals, contending that the evidence failed to show negligence on its part or justification for an award of punitive damages.

Oil spillage from the operation of the yard was discharged or allowed to drain into an adjacent ditch which in turn emptied into Pye Branch. A lower riparian owner on this stream, Jackson held several acres located about a mile below the Railroad's installation. There is no question but that oil originating in the yard was carried down by the Branch and washed upon Jackson's land, causing appreciable damage. While the Railroad endeavored to trap the oil and prevent its entry into the Branch, the effort obviously was not successful.

96

■ The case must be gauged by the law of South Carolina because the cause of action arose there and jurisdiction of the trial court was predicated upon diversity of citizenship. The precipitation of the oil upon the Jackson demesne was a "continuing nuisance" for which he was entitled to recover from the Railroad without proof of negligence. Conestee Mills v. City of Greenville, 160 S.C. 10, 158 S.E. 113, 115, 75 A.L.R. 519 (1931); Wood v. Pacolet Mfg. Co., 80 S.C. 47, 61 S.E. 95 (1908). Therefore, we do not have to consider whether or not negligence was established. Furthermore, we may sustain the judgment although the case was pleaded and tried on the theory of negligence. F.R.Civ.P. 15. Moreover, as the deposits continued despite the repeated complaints of Jackson, we think there was ample support for recovery of exemplary damages. Baxley v. Barnwell Lumber Co., 113 S.C. 109, 101 S.E. 646 (1919). In our opinion the verdict was justified in fact and in law.

Affirmed.