COWIN AND COMPANY, INC.,
Petitioner,

v.

FEDERAL MINE SAFETY AND
HEALTH REVIEW COMMIS-
SION, Respondent.

Ray Marshall, Secretary of Labor, U. S.
Department of Labor, /R, Intervenor.

No. 78–1825.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 4, 1979.

Decided Dec. 28, 1979.

William H. Howe, Washington, D. C. (Donald L. Rosenthal, Washington, D. C., Thomas G. Bearden, Loomis, Owen, Fellman & Howe, Washington, D. C., on brief), for petitioner.

Robert V. Varnum, Appellate Staff, Civ. Div., Dept. of Justice, and J. Philip Smith, Dept. of Labor, Arlington, W. Va., (Carin Ann Clauss, Sol., Morell E. Mullins, Associate Sol., Thomas Mascolino, Dept. of Labor, Barbara Allen Babcock, Asst. Atty. Gen., and Ronald R. Glancz, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D. C., on brief), for Secretary of Labor.

Before HALL, PHILLIPS and MURNAGHAN, Circuit Judges.

K. K. HALL, Circuit Judge:

 Cowin & Company, Inc., an independent construction company, was employed in the construction of an air intake shaft for Ranger Fuel, Inc., a coal mine operator, at its Beckley, No. 1 coal mine near Bolt, West Virginia. On January 7, 1974, three Cowin employees were killed and three injured when wire ropes suspending their work platform broke, plunging the workers more than one hundred feet to the bottom of the shaft. Cowin was charged as an agent of Ranger Fuel under Section 109(c) of the Federal Coal Mine Health & Safety Act of 1969, 83 Stat. 742, 30 U.S.C. § 801 *et seq.*[1] and civil penalties were assessed in the amount of $74,000.[2] Cowin appeals, taking

---

1. This case arose under the 1969 Act. In 1977, Congress passed the Federal Mine Safety and Health Act of 1977, Pub.L. 95–164, 91 Stat. 1290. The new Act transferred enforcement authority from the Mine Enforcement and Safety Administration [MESA] of the Department of Interior to the Mine Safety and Health Administration, under the Department of Labor.

2. A petition was filed against four Cowin employees, and later amended to include as respondents Cowin and Ranger Fuel. The petition alleged that Cowin knowingly violated mandatory safety standards listed in 30 C.F.R. §§ 77.1903(a), 77.1903(b), 77.1903(c), 77.-1905(b) and 77.1906(a). Inspectors reported that the equipment used to raise and lower the twenty-ton platform in the shaft was improperly used, lacked capacity to handle the load, had not been inspected and lacked necessary safety features. Tests of the wire ropes indicated that they were not in accordance with applicable ANSI safety standards.

the position that as an independent contractor, it cannot be held liable under Section 109(c) of the Act as an "agent" of the coal mine operator. We agree, and remand to the Commission to allow amendment of the civil charges and for further proceedings under Section 109(a), 30 U.S.C. § 819(a).

■ We think MESA relied on the wrong section of the Act. Section 109(a) imposes civil liability on coal mine operators for violations of the Acts mandatory safety standards. Independent contractors such as Cowin, engaged in mining-related activities, are "operators" subject to liability under that section. *Bituminous Coal Operators Association, Inc. v. Secretary of Interior,* 547 F.2d 240 (4th Cir. 1977) [*BCOA*].[3] Section 109(c), under which Cowin was charged, serves a different function.

■ Section 109(c) reads, in pertinent part,

Whenever a corporate operator violates a mandatory health or safety standard . . . any director, officer, or agent of such corporation who knowingly authorized, ordered or carried out such violation . . . shall be subject to the same civil penalties, fines and imprisonment that may be imposed upon [an operator] under subsections (a) and (b) of this section.

Ranger Fuel and four individual employees of Cowin entered into settlement agreements with MESA and were assessed civil penalties.

3. The suggestion in *BCOA* that a construction company might be treated under § 109(a) as a statutory "agent," 547 F.2d at 247, was in the context of discussion of an alternative basis for holding owners and lessees liable under that section for construction company violations.

4. The emphasis on personal liability is amply demonstrated in the report of the House Education and Labor Committee.

The committee expended considerable time in discussing the role of an agent of a corporate operator and the extent to which he should be penalized and punished for his violations of the act. At one point, it was agreed to hold the corporate operator responsible for any fine levied against an agent. It was ultimately decided to let the agent stand on his own and be personally responsible for any penalties or punishment meted out to him.

30 U.S.C. § 819(c). This subsection was designed to reach the decisionmakers responsible for illegal acts of corporate operators. S.Rep.No. 411, 91st Cong., 1st Sess. 39 (1969). By subjecting these individuals to personal liability, Congress created an added incentive for compliance with the Act, since corporations might pass off their own money penalties as a cost of doing business. Congress included "agents" in its list of liable parties to create a "continuing chain" of personal responsibility. H.R.Rep.No. 563, 91st Cong., 1st Sess. (1969), *reprinted in* U.S.Code Cong. & Admin.News, pp. 2503, 2513–14.[4] We think the term "agent" in this context refers to the responsible individual, whether employee or independent agent, who will be discouraged from violating the Act's proscriptions by the threat of personal liability.

We recognize that when this civil penalty proceeding began, prior to our decision in *BCOA,* the liability of independent contractors under the Act was uncertain.[5] But the Secretary offers no explanation why, faced with such uncertainty, MESA failed to seek penalties under Section 109(a) as well as 109(c). Because it did not allege liability under Section 109(a), the penalties are not enforceable, and we remand the case for further proceedings under that section.

The committee recognizes, however, the awkward situation of the agent with respect to the act and his supervisor, the corporate operator, and his position somewhere between the two. The committee chose to qualify the agent as one who could be penalized and punished for violations because it did not want to break the chain of responsibility for such violations after penetrating the corporate shield.

5. In an unpublished opinion, the district court for the District of Columbia held that independent construction contractors could not be penalized as "operators." *Association of Bituminous Contractors [ABC] v. Morton,* Civil Action No. 1058–74 (D.D.C. May 23, 1975). That decision was reversed *sub nom. ABC v. Andrus,* 189 U.S.App.D.C. 75, 581 F.2d 853 (D.C.Cir. 1978) following our decision in *BCOA.*

The 1977 Act amended the definition of operator in conformity with *BCOA.* 30 U.S.C. § 802(d) (Supp.1979); S.Rep.No. 181, 95th Cong., 1st Sess. 14 (1977) *reprinted in* U.S.Code Cong. & Admin.News, pp. 3401, 3414.

We will allow the Secretary to amend the petition to allege the same factual violations of the same regulations under the proper subsection of the Act. This is not a criminal proceeding. *See Mohawk Excavating v. OSHRC,* 549 F.2d 859, 863 (2d Cir. 1977); *Savina Home Industries v. Secretary of Labor,* 594 F.2d 1358, 1365–67 (10th Cir. 1979). Cowin had notice of the alleged violations from the beginning. It asserted its defenses based on the same facts in an administrative hearing. Thus, we see no likelihood of prejudice in this technical amendment. *See Usery v. Marquette Cement Manufacturing Co.,* 568 F.2d 902 (2d Cir. 1977); *National Realty and Construction Co. v. OSHRC,* 160 U.S.App.D.C. 133, 140, 489 F.2d 1257, 1264 (D.C.Cir. 1973). Although a change of legal theory on appeal without remand is sometimes appropriate in civil cases if the parties are not prejudiced thereby, *Jurinko v. Edwin L. Weigand Company,* 477 F.2d 1038 (3d Cir.), *vacated on other grounds,* 414 U.S. 970, 94 S.Ct. 293, 38 L.Ed.2d 214 (1973); *Jackson v. Atlantic Coast R.R. Co.,* 317 F.2d 95 (4th Cir. 1963), we think the administrative record should be reopened, to avoid any possible prejudice, for the submission of additional relevant evidence and arguments before Cowin's civil liability is determined and penalties can be assessed under the proper section.

Finding no merit in Cowin's other contentions, we remand for the sole purpose of reconsideration under Section 109(a), 30 U.S.C. § 819(a).

*ENFORCEMENT DENIED AND RE-MANDED.*