## DAVIS v. SOUTHERN RY.

1. EVIDENCE—NEGLIGENCE—RAILROAD SIGNALS.—Failure of a railroad company to give statutory signals at crossings may be proven to show negligence in running its trains.

2. RAILROADS—ENGINEER—STOCK—NEGLIGENCE.—It is duty of engineer to keep a lookout for stock on the track, even in counties where the law requires stock to be enclosed.

3. NEW TRIAL.—There being some evidence on each point in issue, refusal of new trial sustained.

Before KLUGH, J., Richland, April, 1903.    Affirmed.

Action by Andrew J. Davis against Southern Ry.    The charge of the presiding Judge is as follows:

"The plaintiff, Andrew J. Davis, brings this suit against the Southern Railway Co. to recover damages which he alleges he has suffered by reason of the railroad having killed a mule of his, as he alleges, through negligence.    He alleges that the railroad running its train from Columbia to Charlotte negligently ran over and against a certain mule, the property of the plaintiff, and killed the same, to the damage of plaintiff $150.

"The railroad answers that complaint with a general denial; denies everything set forth in the complaint, which puts upon the plaintiff the burden of proof, to prove by the preponderance of the evidence the facts he alleges, in order to entitle him to recover, and if he fails to prove them by the preponderance of the evidence, then he is not entitled to recover.

"The railroad is charged with negligence, and negligence means the failure of a person, of a railroad company, for example, to do that which, under the circumstances of the situation, a railroad company of ordinary prudence would do, or the omission to do what a railroad company of ordinary prudence would not omit to do, so negligence means either a failure—the commission, the doing of something a prudent person would not do, or the omission to do something that a prudent person would do. It is the failure to exercise due care in any particular situation, or set of circumstances.

"Now, where it appears that a railroad has, by its train, killed stock, a domestic animal, as a cow or a mule, and no other fact appears in reference to it, the law raises the presumption that the railroad was negligent. An animal has not the intelligence to apprehend danger and to take itself out of the way of apprehended danger. As a matter of course, animals do run from what they are afraid of, but they have not the intelligence that a human being has to know what always to be afraid of and what to get out of the way of; and so the law charges these railroad companies running their trains, by the exercise of the franchise which the statute confers upon them, with the duty of looking out for the safety of domestic animals; and, therefore, where it appears that the railroad by its train has killed a domestic animal, and nothing else appears but the fact of the killing, then the law raises the presumption that it was the result of negligence on the part of the railroad company. As a matter of course, when the facts do appear, and they negative the idea of negligence, and they show the railroad was exercising ordinary care in running its train, so that it was not the fault or its lack of care that caused the death of the animal, or injury to the animal, then the implication of, the presumption of negligence is withdrawn. This must appear by the facts of the case. Unless the evidence makes out, by the preponderance of the evidence, the fact of negligence in the railroad company, the plaintiff is not entitled to recover.

"So the facts are for your determination as to whether or not this railroad was running its train as alleged in the complaint, and whether or not the train killed the mule, as alleged, and if so, then whether the railroad was negligent or not.

"It is the law, and, therefore, appears, and it may be taken notice of by the Court and by you, that the general stock law is of force in Richland County, a provision of which requires the owner of stock to keep his stock fenced, not to allow them to run at large.

"Now, in a county where the stock law is of force, everybody has the right to presume the railroad company has the same right anybody else would have, the right to presume that people are obeying the law, are keeping their stock fenced, and, therefore, the railroad is not bound to exercise as great care or vigilance in looking out and watching for stock on its track in a county where the stock law is of force, as they would be where the law allows stock to run at large. That does not excuse a railroad if it knows, as a matter of fact, or if it ought to know, if it has the opportunity to know, and where a person of ordinary intelligence and ordinary observation would know, that stock were out at large, that does not excuse a railroad company for killing or injuring stock where the stock law is of force, if it knows or ought to know that stock is at large. It is true, that the law is to the effect that a trespasser has no rights as against the owner of the property on which he is trespassing, except he has the right not to be wilfully or wantonly injured by the owner of the property, and to some extent that might apply to trespassing stock, but it cannot apply to animals in the same sense that it applies to people, for the very reason I mentioned a moment ago, animals have not the intelligence of people, and, therefore, they cannot be held to the same rule of accountability or liability, and the same rule of duty that intelligent beings are held to. So that a railroad has no right to wantonly or wilfully injure trespassing stock, neither has it the right to injure trespassing stock

through negligence.   The rule is only modified by the stock law to the extent that the railroad is not bound to keep the same degree of watchful care, watchfulness for stock on its track, where the stock law is in force as where the stock law is not in force.   Where stock is on the track in a county where the stock law is not in force, and the railroad sees them or has the opportunity and ought to see them by the exercise of ordinary watchfulness, then if it fails to see, or if seeing them injures them through wilful, wanton negligence, the railroad is liable for damages.   So, in this case, if you find they were at large in violation of the provisions of the general stock law, and should find that the railroad company by the exercise of ordinary vigilance, which means a less degree of vigilance in a stock law county than in a non-stock law county, if the railroad by the exercise of vigilance, which a prudent railroad in a stock law county ought to exercise, knew or could have known that stock was on the track, then the railroad was bound to exercise due care, the care of a prudent railroad to prevent injury to the stock; and if you find that it failed to exercise that degree of care and that the stock was injured by reason of such failure, then the railroad is liable.   If the evidence fails to make out those facts, the railroad, then, is not liable.

"If you conclude that the defendant is liable in this case, your verdict will be in favor of the plaintiff, whatever you find to be the actual value of the mule at the time it was killed.   As a matter of course, if you find that the railroad is not liable, your verdict should be in favor of the defendant. You will elect one of your number to act as foreman, and write the verdict on the complaint.

"Both the plaintiff and defendant have requested the Court to charge certain propositions as law, which I will proceed to give you.

"On behalf of the railroad:

" '1. At a place where the general stock law, which prohibits cattle from being permitted to roam at large, is then of force, a railroad company is not required to use the same care

29—68

or caution in running its trains as in localities where such law is not of force.' That I charge you, subject to what I have already given you in reference to the effect of the stock law. The stock law does not relieve the railroad from the necessity of the duty of exercising ordinary care, but merely relaxes the degree of vigilance which it is required to exercise. In that sense I charge you that.

" '2. I charge you that the general stock law was in force in Richland County at the time of the alleged accident, and the defendant railroad company was not, therefore, required to use the same care and caution in running its trains as in localities where such stock law is not of force.' I have already charged you that, and so charge you.

" '3. A railroad company is not liable for stock accidentally killed.' I charge you that. If you find from the evidence in this case, that the killing of the mule was not the result of negligence, but the result of accident, the result of circumstances over which the railroad had no control, and couldn't have controlled, then the railroad is not liable.

" '4. In the running of a railroad passenger train the employees must regard the safety of the passengers and the property of the company as well as danger to cattle on the track, and the question of negligence is influenced by these considerations.' I so charge you.

" '5. All that the law requires generally in these stock killing cases is that the railroad company shall exercise that sort of care which prudent men, influenced by personal interest, ordinarily bestow on their business and conduct, and it is the absence of this kind of care which would make the railroad company liable in a case for the killing of stock in a county where the stock law is not of force; but where the stock law is of force, less vigilance is required of the railroad company, or, as stated in the case of *Joyner* v. *R. R. Co.*, 26 S. C., 58, much less care is required of the railroad company in providing against stock on its track since the passage of the stock law than before the passage.' I charge you that.

" '6. If you find from the evidence that the engineer of the

train in question was in the exercise of ordinary care; that the train was running at a lawful rate, and had the customary appliances and force of trainmen, and the mule in question, when seen by the engineer, was so close that the train could not be stopped in time to avoid the accident, then plaintiff cannot recover.' I charge you that.

"Mr. Thomson: I want to add one as to the speed of the train: That the speed of the train was not unlawful to pass through that country, provided an ordinariiy prudent company would go at that rate.

"As to the manner of running the train, the speed at which it was run, the degree of vigilance, of watchfulness observed and other matters of caution, is that which a railroad of ordinary prudence and caution would be required to use; and if the railroad was ruinning its train at the ordinary rate of speed at which that particular train was running, then the speed at which it was being run could not be considered as a circumstance going to show negligence.

"Now, on behalf of the plaintiff:

" 'It is negligence *per se* for a railroad company to fail to comply with statutory requirements as to signals at crossings.' That does not apply in a case like this. The statute, as you are aware, requires the railroad to blow the whistle or ring the bell when it is approaching a crossing, or a public highway, or traveled place, and if a person is injured at a crossing, whether the injury is to his person or to his property, because of the failure of the railroad to give the signal by blowing the whistle or ringing the bell, then it does amount to a case of negligence *per se,* because the law requires the railroad to give that signal at the crossing, so that people can get out of the way, keep out of the way while crossing a crossing. That don't apply to injury to stock other than at a traveled place. The failure to give the statutory signal is a circumstance which the jury may consider in determining whether the railroad was running its train with due caution or not. Even in a case that does not arise at a crossing, a failure to give the signal would not in a case like.

this we are now considering be negligence *per se,* that is, negligence within itself; the mere fact of failure to give the signal would not amount to such negligence as would make the railroad liable, in a case like this.    Mere circumstance for you to consider.    The law presumes, inasmuch as the law requires the railroad to give these signals, presumes that it does give them.    And if a party undertakes to rely upon the failure of the railroad to give the signal, then the party who alleges must prove by the preponderance of the evidence that the signal was not given; and if that is the case, then it becomes a circumstance for the consideration of the jury to determine whether under all the circumstances in the case, the railroad was exercising the care in running its train which the law requires.    So I refuse you that first request to charge.

" '2.  As great care is not required against trespassers as in other cases, but the railroad company is liable for stock negligently killed.'   I charge you that.   I have already charged you that the stock law does modify the extent of the duty of the railroad to keep a lookout for stock, but still it does not relieve the railroad if the stock is actually killed through the railroad's negligence.

" '3.  If you find, as a matter of fact, that the railroad company killed the plaintiff's mule, then you are to presume that the railroal company was negligent; and this presumption of negligence will stand until the railroad company convinces you by the greater weight of the evidence that it was a case of accident; that is, that after the fact of the killing has been established, the burden of proof is upon the railroad company to prove that it was done by accident and not through their negligence.    This is a rule of law that has not been changed by the stock law.'   I have substantially charged you, and so charge.

" '4.  If you find as a matter of fact that the engineer or fireman saw, or could have seen, the plaintiff's mule on the track at any time before the killing, and that they did not try to stop the train or to frighten the mule off the track by

blowing the whistle or ringing the bell, then the railroad company is guilty of negligence and you must find for the plaintiff.' That is, you must find for the plaintiff if you find those facts to be true, in case you find they were negligent and that such negligence was the cause of the injury. I so charge you.

" '5. If you find that the plaintiff is entitled to recover from the railroad company for the killing of his mule, then the measure of damage is the value of the mule at the time of the killing.' I have already charged you, and so charge you. It remains for you to determine whether the plaintiff is entitled to recover or not. If you conclude he is, give him a verdict for the value of the mule as you find the value to be established by the evidence in the case. If you find he is not entitled to recover, your verdict will be for the defendant."

From judgment for plaintiff, defendant appeals.

*Messrs. B. L. Abney* and *E. M. Thomson,* for appellant. The latter cites: *As to failure to give signals at crossings:* 33 S. C., 139; 39 S. C., 514; 59 S. C., 246. *As to lookout for stock in stock law counties:* 31 S. C., 151; 29 S. C., 152; 26 S. C., 50. *As to charging what facts constitute negligence:* 63 S. C., 494; 61 S. C., 556; 51 S. C., 460. *As to refusal of new trial:* 43 S. E., 720.

*Messrs. John S. Reynolds, E. McC. Clarkson* and *Aug. M. Deal, contra.* The two latter cite: *As to evidence of negligence under general allegations:* 47 S. C., 28. *The failure to give signals:* 52 S. C., 338. *As to lookout in stock law counties:* 20 S. C., 249, 259; 47 S. C., 390; 50 S. C., 49.

April 19, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action to recover $150 of defendant railway company for negligently killing a mule,

the property of plaintiff, came on for trial before Judge Klugh and a jury on April 30th, 1903. Testimony was offered by both plaintiff and defendant on the matter of the alleged negligence of the defendant; some of this testimony was objected to, some of it was allowed over defendant's objection. This is made a ground of appeal. Both sides to the controversy made requests to charge. His Honor's charge is made a ground of appeal. After verdict found for plaintiff, a motion was made for a new trial by defendant upon the minutes, which was refused. This is made a ground of appeal, after judgment entered. The grounds of appeal are as follows:

"1. Excepts because his Honor erred in allowing the plaintiff to testify, over defendantt's objection, that the train which killed plaintiff's mule failed to give the signals required by statute for a public crossing 600 yards from the place where the said mule was struck, and also failed to give the signals required by statute for another crossing 400 yards from the place where said mule was struck; whereas, it is submitted that this accident not having occurred at a crossing and the complaint containing no allegation to which it could be responsive, such testimony was irrelevant to the issue, and should not have been admitted.

"2. Excepts because his Honor erred in allowing Major Cason to testify, over the objection of defendant, that the train which killed plaintiff's mule failed to give the signals prescribed by statute for a public crossing a considerable distance, some 400 yards, from the place where this accident occurred. For the reasons stated under exception 1.

"3. Excepts because his Honor erred in charging the jury as follows: 'The failure to give the statutory signal (his Honor referring to the failure to give the statutory signal for the public crossing some 400 yards from the place of the accident) is a circumstance which the jury may consider in determining whether the railroad was running its train with due caution or not. Even in a case that does not arise at a crossing, a failure to give the signal would not in a case like

this we are now considering be negligence *per se,* that is, negligence within itself; the mere fact of failure to give the signal would not amount to such negligence as would make the railroad liable, in a case like this. Mere circumstance for you to consider. The law presumes, inasmuch as the law requires the railroad to give these signals, presumes that it does give them, and if a party undertakes to rely upon the failure of the railroad to give the signal, then the party who alleges must prove by the preponderance of the evidence that the signal was not given; and if that is the case, then it becomes a circumstance for the consideration of the jury to determine whether, under all the circumstances in the case, the railroad was exercising the care in running its train which the law requires.' For the reasons stated in exception 1, and for the additional reason that no issue being made by the pleadings to which any such charge was applicable, it was to defendant's prejudice.

"4. Excepts because his Honor erred in charging the jury as follows: 'Now, in a county where the stock law is of force, everybody has a right to presume—the railroad company has the right, anybody else would have the right to presume— that people are obeying the law, are keeping their stock fenced, and, therefore, the railroad is not bound to exercise as great care and vigilance in looking out and watching for stock on its track in a county where the stock law is of force, as they would be where the law allows stock to run at large. That does not excuse a railroad if it knows, as a matter of fact, or if it ought to know, if it has the opportunity to know, and where a person of ordinary intelligence and ordinary observation would know, that stock were at large, that does not excuse a railroad company for killing or injuring stock, where the stock law is of force, if it knows or ought to know that stock is at large.' The error consisting in this: That such charge imposed a duty upon the railroad company to keep a close lookout for stock in a county where the stock law is of force, and further imposed a duty upon defendant and authorized a verdict for the plaintiff, if the jury should

find that the defendant had an opportunity to know, or if it ought to know, that plaintiff's stock were out, contrary to the stock law. As to all of which the charge exacted greater care than the law requires, and imposed duties not required by law.

"5. Excepts because his Honor erred in charging the jury plaintiff's request: 'If you find as a matter of fact that the engineer or fireman saw, or could have seen, the plaintiff's mule on the track at any time before the killing, and that they did not try to stop the train or to frighten the mule off the track by blowing the whistle or ringing the bell, then the railroad company is guilty of negligence, and you must find for the plaintiff.' And further by charging with reference to the said request as follows: 'That is, you must find for the plaintiff, if you find those facts to be true, in case you find they were negligent, and that such negligence was the cause of the injury.' The error consisting in this: (1) In imposing the duty upon the defendant of keeping a lookout for stock in counties where the stock law is of force; whereas, it is submitted, that no duty arises upon the part of the railroad company in such counties until the stock is seen upon or is dangerously near the railroad track. (2) In charging that it was the duty of the company to blow the whistle or ring the bell for stock seen, or which should be seen, by its engineer or firemen, and making its failure to blow the whistle or ring the bell negligence; whereas, the railroad company could fulfill its whole duty under the law and yet fail to give such signals or alarm. (3) In charging the jury what facts would constitute negligence, and make the railroad company liable to plaintiff.

"6. Excepts because his Honor erred in refusing the motion for a new trial made herein upon the ground that there was no evidence to support the verdict, and that it was contrary to the law and the evidence. It being submitted that there was no evidence whatever offered in the case in any way contradicting the positive testimony of the engineer—that he was in the exercise of reasonable and proper

care, and did even more than the law requires, to wit: kept a careful lookout, and when the stock was seen, exercised the utmost care to prevent injury—all the facts and circumstances corroborating such positive testimony; and as the presumption of negligence against the defendant could not withstand such uncontradicted positive testimony, a new trial should have been granted upon such grounds.

"7. Excepts because his Honor erred in holding, on the motion for a new trial, that the jury 'could have found negligence on the part of defendant from the facts in evidence, that the mule in question and another one were 100 feet from the railroad track, and that the engineer could have seen them for a distance of 450 yards;' whereas, it is respectfully submitted, that the law requires no such care on the part of the engineer, as that he shall keep a lookout in counties where the stock law is of force for stock 100 feet from the railroad track, when he is 450 yards away; and it appearing that in his Honor's judgment this was the only evidence to support the verdict, and it being insufficient, a new trial should have been granted upon the ground that there was no evidence to support the verdict, and that it was contrary to the law and the evidence.

"8. Excepts because his Honor erred in refusing the motion for a new trial herein upon the grounds that there was no evidence to support the verdict, and that the same was contrary to the law and the evidence."

We will now pass upon these exceptions.

The 1st, 2d and 3d exceptions cannot be sustained. The trial Judge did not overrule the objection to the testimony because he realized that the killing of a mule away from a highway crossing or away from a traveled place, could not make such killing to fall within the statute which makes it the duty of a railroad to sound the whistle on its engine or ring its bell when within *five hundred yards* (500 yards) distance from the crossing of a street, highway or traveled place, to prevent the railroad company from liability for injury to person or property on

the crossing, still it is the law of the State that such bell should be rung or whistle blown, when *within five hundred yards* of such crossing, and it is negligence not to do so—thereby opening up the way to have it appear by testimony that *as a circumstance* there was this negligence. This being so, it was perfectly proper to receive the testimony of the witness or witnesses that the railroad did not sound the whistle or ring the bell. The error of appellant consists in this, that it overlooks the fact that the Circuit Judge refused plaintiff's first request.

We will now consider appellant's fourth and fifth exceptions. It is the duty of the engineer to look out for stock on the track of the railroad company. It is true, that his duty is less accentuated in a county in this State where the stock law exists; nevertheless, it is the duty of the engineer to watch out for every danger. The engineer must do this to protect the interests of the railroad company as well as of the general public. We think the Circuit Judge made no mistake in declaring the law in this case. These exceptions are overruled. The report of this case should set out the charge of the presiding Judge in full.

We will now consider exceptions 6th, 7th and 8th. The motion for a new trial in this case was made upon the minutes of the Court. The discretion of the Circuit Judge governs in cases like the present, unless he commits error of law. It is an error of law in the event that there is no testimony bearing upon material facts. A careful examination of all the testimony shows that there was some testimony on each point in issue. Such being the case, there was no error when the Circuit Judge declined to grant a new trial.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.