RUDDELL v. SEABOARD AIR LINE RAILWAY.

1. INJURY ON TRAVELLED PEACE, NOT AT CROSSING—JURY.—Whether a way across railroad premises has been in general use by the public with the consent or acquiescence of the company and whether one injured there had a right to be there, is a question for jury.

2. PUNITIVE DAMAGES.—REFUSAL OF NEW TRIAL will hardly be reversed because there was no evidence to support punitive damages in absence of motion for nonsuit or request to so charge. Digging a hole on premises of a railway company in close proximity to a frequented path, leaving it open and insufficiently lighted at night, is some

evidence from which jury may infer reckless or wanton disregard of the safety of those who may use the path.

3. NEW TRIAL.—That a verdict was contrary to preponderance of the evidence is not a ground upon which this Court will reverse order refusing new trial.

4. JOINT TORT.—In action against a railroad company and its agent for a joint and several tort verdict against company and not against its agent, against whom the evidence of negligence was much stronger, is not ground for setting aside verdict as due to prejudice or passion.

5. NEW TRIAL.—Remarks of Judge in refusing new trial, taken as a whole, do not show that he had an erroneous conception of his power to set aside unjust verdicts, but that he thought a new trial should not be granted where the material facts are in dispute, unless the Judge be satisfied the verdict was unjust.

Before W. A. HOLMAN, special Judge, Hampton, January, 1906. Affirmed.

Action by W. G. Ruddell against Seaboard Air Line Ry. and C. A. Brinkley. From verdict for plaintiff, defendant railway appeals.

*Messrs. Lyles & McMahan and Jas. W. Moore,* for appellant. The former cite: *And distinguish from this case as to verdicts against one joint tort feasor: Schumpert v. Ry.,* and *Hutchison,* 65 S. C.,; *Gardner* v. *Ry.* and *Pierson,* 65 S. C.; *Carson* v. *Ry.* and *Arwood & Miller,* 68 S. C.; 1 Mills Con. Rep., 333.

*Mr. Moore* cites: *As to power of Circuit Judge to grant new trial:* 8 S. C., 173; 14 S. C., 324; 19 S. C., 579; 57 S. C., 289, 138; 69 S. C., 444, 453; *Blowers* v. *Ry.,* 73 S. C.; *Montgomery* v. *Ry.,* 73 S. C.; *Backman* v. *Ry.,* 73 S. C.; *Murray* v. *Tel. Co.,* 73 S. C.

*Messrs. W. S. Smith and W. B. deLoach,* contra, cite: *Order refusing new trial reviewed only for errors of law:* 36 S. C., 585. *In absence of motion for nonsuit or request to charge, appellant cannot complain:* 36 S. C., 585; *Jennings*

v. *Mfg. Co.,* 72 S. C.   *Verdict against one defendant in suit for joint and several tort proper:* 68 S. C., 88.

October 11, 1906.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The plaintiff recovered judgment for $4,999 on account of personal injuries alleged to have been received from falling into a hole defendant had dug on its right of way within a few feet of a path which was one of the main thoroughfares of the town of Fairfax, and along which plaintiff was walking in the night time, in ignorance of the existence of the hole.   The complaint charged negligence, recklessness, wilfulness and wantonness on the part of the defendant as the proximate cause of the injury, in making the hole and allowing it to remain open and unprotected, when the defendant knew, or ought to have known, of the danger to those using the path.   The appeal is from an order of the special Circuit Judge refusing a new trial.

The first point is that the plaintiff was not injured at a crossing or traveled place, or place where he had a right to be.   There was evidence to the effect that the accident happened while plaintiff was walking in a path in general use by the public, and that he had no notice of the dangerous hole.   The rule applicable to this branch of the case is thus stated in *Matthews* v. *Railway Co.,* 67 S. C., 499, 508, 48 S. E., 335, 65 L. R. A., 286: "While a railroad company cannot lose its right of way by alienation or prescription, because of the public's interest in its holding it for public purposes, it may impose upon itself as a private corporation duties and obligations to the public or to individuals, by inviting them to use the right of way, or indicating its willingness that it should be used by the public or particular individuals.   In such circumstances the duty devolves on the railroad company to exercise ordinary care to avoid injury to those using the right of way.   This rule is not peculiar to railroads, but is of general application. * * * It is, of course, always a question for the jury to determine whether

the way was so plain and so constantly used, with the acqui-
escence and consent of the owner, as to imply an invitation to
the public to enter."

The defendant next submits that a new trial should have
been granted because there was no support in the evidence
for punitive damages. We should be very slow to grant
a new trial on this ground, when there was no motion
for nonsuit nor request to charge that the claim for
punitive damages was entirely unsupported by the
evidence. But, aside from this, it was for the jury to say
on this issue also whether in view of all the circumstances
the hole was so left open and insufficiently lighted, in close
proximity to a frequented path, as to indicate reckless or
wanton disregard of the safety of those who might use the
path without notice of the danger. We do not say there
was wantonness or recklessness on the part of the defendant,
but there was evidence from which the jury might infer it,
and, therefore, it was not error of law for the Circuit Judge
to refuse a new trial on this ground. The first exception,
therefore, must fail.

In the second and third exceptions, defendant submits a
new trial should have been granted because the verdict was
contrary to the preponderance of the evidence as to the fact
of injury to the plaintiff, and as to contributory negli-
gence. The mere preponderance of evidence against
the verdict, as has often been held, does not warrant
this Court in reversing a judgment of the Circuit Court
refusing a new trial. *Davis* v. *Southern Railway*, 68 S. C.,
447, 47 S. E., 723; *Bodie* v. *Railway*, 66 S. C., 303, 44 S.
E., 943.

In the next place, it is insisted the verdict should have been
set aside because the fact, that the finding was against the
railroad company and not against its agent, who was directly
responsible for the digging and proper guarding of
the hole, shows that the verdict was due to prejudice
or partiality; the evidence of negligence and wanton-
ness being much stronger against him than against the rail-

road company.   There was no error of law in refusing the motion on this ground, because the liability of the railway company and Brinkley, its agents and co-defendant, was joint and several.   *Schumpert* v. *Railway* and *Hutchinson,* 65 S. C., 332, 43 S. E., 813; *Gardner* v. *Railway Company* and *Pierson,* 65 S. C., 341, 43 S. E., 816; *Carson* v. *Railway,* *Arwood* and *Miller,* 68 S. C., 55, 46 S. E., 525.

Lastly, the defendant contends the judgment should be set aside because the following language by the Circuit Judge in his decree refusing the motion for a new trial shows that he had an erroneous conception of his power to give relief against an unjust verdict by granting a new trial: "While a Judge has power under the law to set aside verdicts and grant new trials, this should never be done except in clear cases of abuse, or where it is manifest that the jury acted from prejudice or passion.   It is a wise provision of law that vests the power in Judges to grant new trials; this power must rest somewhere, and the Judge who presides at the hearing is in a better position to understand the case and apply the evidence than any other person or tribunal. There being evidence to support the finding of the jury, I will not set aside the verdict."   It tends to the promotion of justice that Circuit Judges should have a wide latitude in granting new trials absolutely, when the verdict is altogether wrong and new trials *nisi* when it is excessive.   Indeed, the usefulness of trial by jury and the respect in which it is held depend in a great measure on the firm and independent exercise by the Circuit Judges of this power to set aside wrong verdicts, whether due to prejudice or mistake.

In this case, while the language above quoted and some other expressions in the decree seem rather strong in stating the limits of judicial discretion in granting new trials, yet when the whole context is taken altogether, it is obvious the Circuit Judge meant nothing more than a new trial should not be granted when the material facts are in dispute, unless the Court should be satisfied the verdict was unjust, and

that he was not so convinced of the injustice of this verdict as to warrant him in granting a new trial.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.