## Gilfillan, to use, Appellant, *v.* King, et al.

*Public officers—Sheriff—Suit for unlawful removal of property—*
*Joint torts—Instruction to jury.*

1. The right of action for the unlawful removal of property under levy is in the sheriff, and an execution creditor to whose use an action is brought has no standing except upon the sheriff's right. If, therefore, the deputy sheriff in charge of the writ agreed to the removal of the property and it was subsequently returned for sale, as agreed, the sheriff suffered no injury and as to him no actionable wrong was committed.

2. Where in an action to recover damages for the unlawful removal of property levied upon there was evidence that the deputy sheriff agreed with a claimant of the property that the property might be taken away and used, provided it were returned in time for the sale, and it was so returned, but the deputy sheriff refused to go on with the sale unless the claimant would agree that the money should be paid over to the execution creditor without any contest, the case was for the jury and a verdict and judgment for defendants will be sustained.

3. Where a joint tort is alleged, there cannot be a recovery without proof of a wrongful act in which both defendants participated.

Argued Jan. 17, 1913.   Appeal, No. 317, Jan. T., 1912, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1910, No. 4093, on verdict in favor of defendant in case of Joseph Gilfillan, Sheriff of Philadelphia County, to the use of William H. Peterman v. William King and Louise Petermann.   Before FELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for the unlawful removal of property levied upon.   Before BREGY, J.

The facts are stated in the opinion of the Supreme Court.

The court charged the jury in part as follows:   "And this I want to impress upon you that they both must

have entered into the stealing or taking away of the goods. I say 'both' because they are sued in that' way. It is alleged to be the joint wrong of Miss Petermann and Mr. King, and unless you can find that you cannot find a verdict against one and in favor of the other—it must be a joint verdict for the plaintiff against both; or a verdict for the defendants."

The jury rendered a verdict for defendants upon which judgment was subsequently entered. Plaintiff appealed.

*Errors assigned* were various instructions to the jury and the refusal of binding instructions for the plaintiff.

*G. Von Phul Jones,* for appellant.—The deputy sheriff had no right to make any agreement nullifying the effect of the levy, or to permit the removal of the goods out of the jurisdiction: Rees v. Chantler, 9 Pa. Superior Ct. 272; Smith v. Nicola, 193 Pa. 562; Boyd v. Insurance Patrol, 113 Pa. 269; Munis v. Oliver, 24 Pa. Superior Ct. 64; Wengert v. Zimmerman, 33 Pa. 508.

Exception is taken to the action of the learned trial judge in stating to the jury that they must find a verdict against both defendants or none and they could not find a verdict for one and against the other: Laverty v. Van Arsdale, 65 Pa. 507; Rundell v. Kalbfus, 125 Pa. 123; Fillman v. Ryon, 168 Pa. 484; Savings Dep. Bank v. Reynier, 41 Pa. Superior Ct. 1; McElroy v. Harnack, 213 Pa. 444.

*Clinton A. Sowers,* with him *Philip Herrmann,* for appellees, cited: Koons v. Seward, 8 Watts 388; Mewhorter v. Jamison, 7 Watts. 353; Arbingast v. Houk, 6 Watts 228; Smith v. Nicola, 193 Pa. 562; Connell v. O'Neil, 154 Pa. 582; Savings Dep. Bank v. Reynier, 41 Pa. Superior Ct. 1.

PER CURIAM, February 24, 1913:

This action was by a sheriff against the defendant in an execution and the claimant of the property levied on to recover damages for the unlawful removal of the property without the knowledge or consent of the sheriff, and with the intent to prevent its sale. The property levied on consisted of horses, mules and wagons used by contractors. The defense was that the claimant of the property notified the deputy sheriff who made the levy of her claim of ownership and asked for an interpleader; that with his knowledge and consent and for the purpose of providing for the expense of keeping the horses and mules, she hired them to a paving company for use in an adjoining state and kept him informed where they were; that upon her failure to secure an interpleader, because of her inability to procure a bondsman, she had the property returned and had it present at the time and place fixed for sale, except two mules that had died and for which others were substituted; that she was prepared to bid at the sale the full amount of the judgment and that the deputy refused to go on with the sale unless she would agree not to rule the money into court and would allow it to be paid by the sheriff to the execution creditor. The issue raised by the pleadings was submitted with clear and adequate instructions and the jury found for the defendant.

The right of action for the unlawful removal of property under levy was in the sheriff, and the execution creditor, to whose use the action was brought, had no standing except upon his right. If the deputy sheriff who had charge of the writ made the claimant his bailee and agreed to the removal and use of the property and it was returned for sale as agreed upon, the sheriff suffered no injury and as to him the claimant did no actionable wrong.

The instruction by the learned trial judge, that a joint tort having been alleged, there could not be a recovery without proof of a wrongful act, in which both defend-

ants participated was correct. "In a suit for a joint tort there should be no recovery on proof of one or more separate torts. Where a joint tort is alleged, a joint tort must be proved, in order to sustain the action. The allegation and the proof must agree in cases of tort as in other cases": Weist v. Traction Co., 200 Pa. 148.

The judgment is affirmed.