## 10130

### RICHARDSON v. ATLANTIC COAST LINE R. CO.
### (98 S. E. 132.)

1. TRIAL — INSTRUCTION — INDICATION OF CHARACTER OF DAMAGES.—In action for injuries by falling into open hole in floor of railroad toilet room, jury should have been instructed to indicate by their verdict whether they awarded only actual, or both actual and punitive, damages.

2. CARRIERS—PERSONS ACCOMPANYING PASSENGER—DUTY TO PROTECT.— To licensee on its station premises who had gone there with a friend who was leaving on a train, the railroad owed only the duty to exercise ordinary care for his safety.

3. RAILROADS — INJURIES ON STATION PREMISES — PUNITIVE DAMAGES—
QUESTION FOR JURY. — In action against railroad for injuries to
licensee on station premises when he stepped into hole in floor of
toilet room left open in course of repairs, whether hole was so left
open and insufficiently lighted in close proximity to door as to indi-
cate reckless or wanton disregard of safety of others who might use
room, justifying punitive damages, *held* for jury.

Before SEASE, J., Sumter, Spring term, 1918.    Affirmed.

Action by Manning Richardson against the Atlantic Coast
Line Railroad Company.    From judgment for plaintiff,
defendant appeals.

*Mr. Lucian McLemore,* for appellant, submits: *The trial
Judge should have granted defendant's request to charge the
jury, that there was no evidence of wilfulness:* 69 S. C. 434;
62 S. C. 252; 88 S. C. 7; 99 S. C. 89; 104 S. C. 107, at page
114.    *Plaintiff was not a passenger, but was merely a
licensee, towards whom defendant owed the duty of ordi-
nary care:* 78 S. C. 562.

*Messrs. L. D. Jennings* and *S. S. Harby,* for respondent,
submit: *Plaintiff was a licensee:* 65 S. C. 299; 57 S. C. 332.
*Defendant was bound to exercise ordinary care to prevent
his injury:* 65 S. C. 299; 75 S. C. 290.

January 22, 1919.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

Plaintiff sued to recover actual and punitive damages for
personal injuries sustained by falling into a hole left open
in the floor in one of the toilet rooms in defendant's passen-
ger station at Sumter.    At the close of all the testimony,
defendant requested an instruction that the evidence was
not sufficient to warrant the infliction of punitive damages,
which was refused.    The jury found a general verdict for
plaintiff for $500 damages, without indicating whether it
included punitive damages.    The defendant appealed, and
assigns error in the refusal of the instruction prayed for.

The litigants might have been saved the expense of this appeal, and this Court might have been spared the necessity of hearing and deciding it, if the trial Court had observed the frequent admonition of this Court that, in cases 1, 2 like this, the jury should be instructed to indicate by their verdict whether they award only actual damages, or both actual and punitive damages. It is not improbable that actual damages alone were in fact awarded, since the amount found for plaintiff could not have been held to be excessive as an award of actual damages only. Defendant's passenger station was undergoing general repairs. The plumber found it necessary to have a hole cut in the floor of one of the toilet rooms to do some work on the pipes beneath. At his request, the carpenter in charge of the work cut the hole in the floor about 12 by 18 inches. It was some 3 or 4 feet deep; that is, from the floor to the ground. The hole was just inside the door leading from the waiting room into the toilet room.. The door was hung on spring hinges which kept it shut, unless it was propped open. It was darker in the toilet room than in the waiting room, so that the hole could not be very easily seen by one going from the waiting room into the toilet room. When the plumber had finished his work, he left a work bench across the door, so that no one could go into the toilet room without removing or stepping over it. He went to the carpenter and notified him that he had finished, and told him to close the hole. While it was open, some one (the evidence does not disclose who) removed the bench, and plaintiff, desiring to go into the toilet room, opened the door and stepped into the hole. He fell and sustained injuries complained of. It was only a short time—probably not more than half an hour—after the plumber had notified the carpenter to close the hole, before plaintiff fell into it. Plaintiff was not a passenger, but only a licensee upon the premises, having gone there with a

friend, who was going off on the train, and, therefore, defendant owed him only the duty of exercising ordinary care for his safety.

The decision of this case is controlled by the case of *Ruddell v. Ry.,* 75 S. C. 290, 55 S. E. 528. In that case, plaintiff was injured by falling into a hole which defendant had dug on its right of way within a few feet of a path which was one of the main thoroughfares of the town of Fairfax, and along which plaintiff was walking in the nighttime, in ignorance of the existence of the hole. On the question of plaintiff's right to have the issue as to punitive damages submitted to the jury, the Court said:

"It was for the jury to say on this issue also whether in view of all the circumstances the hole was so left open and insufficiently lighted, in close proximity to a frequented path, as to indicate reckless or wanton disregard of the safety of those who might use the path without notice of the danger. We do not say there was wantonness or recklessness on the part of the defendant, but there was evidence from which the jury might infer it, and, therefore, it was not error of law for the Circuit Judge to refuse a new trial on this ground."

Judgment affirmed.