RHODES v. SOUTHERN RY. CO. *ET AL.*

(137 S. E., 434)

1. TRIAL—PLAINTIFF WAS PROPERLY PERMITTED TO OFFER ADDITIONAL TESTIMONY AFTER RESTING CASE AND DENIAL OF DEFENDANT'S MOTION FOR NONSUIT.—Where, after plaintiff rested his case, motion for nonsuit on behalf of one defendant was denied, plaintiff was properly permitted to offer testimony thereafter.

NOTE: As to liability of railroad company for frightening horses by escape of steam from engine standing near highway crossing, see annotation in 24 L. R. A. (N. S.), 1202; 1 R. C. L., pages 1207, 1209; 1 R. C. L. Supp., 363.

2. Railroads—Railroad's Negligence in Operating Locomotive Frightening Team Held for Jury.—In action against railroad for injuries occasioned when team of mules were frightened by steam from engine and ran away, evidence *held* sufficient for submission of case to jury.

3. Trial—Joint Defendant Cannot Take Advantage of Insufficient Evidence as to Other Defendant when not Asking Nonsuit as to such Defendant.—Joint defendant cannot take advantage of fact that there was no evidence to require submission of case as to other defendant, where they distinctly announced that they did not ask nonsuit as to such defendant.

4. Trial.—Proof of Commission of Tort by One of Joint Defendants is Sufficient to Take Case to Jury.—In suit for joint and concurrent tort, proof of commission of the tort by one of defendants only is sufficient to take case to jury and justify verdict against that defendant.

5. New Trial—Trial Judge was Without Jurisdiction to set Aside Verdict after Adjournment.—Where, after verdict was rendered, motion for new trial was made and marked heard, and Court adjourned, trial Court was without Jurisdiction to entertain motion to set aside verdict.

6. Trial—Verdict Against Railroad only on Account of Steam being Beyond Engineer's Control Held Sufficient under Complaint Charging Negligence of Engineer and Negligence Generally.—Verdict, in action against railroad for injuries, stating that verdict was against railroad only on account of steam being beyond engineer's control, *held* sufficient, as against railroad, where complaint not only sought to hold railroad for negligence of engineer, but also alleged negligence generally against railroad.

7. Trial—Objections to Form of Verdict. Should be Made in Open Court Before Jury is Discharged.—Any objections to form of verdict should have been made in open Court before jury was discharged.

Before Shipp, J., Greenwood, April, 1925.    Affirmed.

Action by E. J. Rhodes against the Southern Railway Company and another. Judgment for plaintiff, and defendant appeals.    Affirmed.

The motion for nonsuit by defendant named, directed to be reported, is as follows:

Mr. Bonham: We ask the Court for nonsuit on the ground:

(1) That it has not been shown by the testimony, that

the engine was at the time of the accident, emitting any un-necessary amount of steam, or that same was done in a negligent, careless, reckless, willful, or wanton way.

(2) On the further ground that it is alleged by the complaint that the plaintiff's injury was due to the joint and concurrent negligence of the defendant Southern Railway Company and the defendant R. C. Carter, and it has not been shown that the defendant R. C. Carter was guilty of any negligent, willful, reckless, or wanton act.

(3) That it is alleged that the plaintiff's injury was due to the joint and concurrent negligence, willfulness, and recklessness of the Southern Railway Company and R. C. Carter, and it has not been shown by the testimony that the defendant R. C. Carter was in any way connected with this injury, or that he was in charge of the engine.

(4) On the further ground that the testimony absolutely fails to support the allegation of the complaint that said injury was due to an unnecessary and unusual act constituting negligence, recklessness, wantonness, etc., on the part of the defendants.

(5) That said proof absolutely fails to show that said injury was due in any way to the joint negligence of the defendants.

(6) That the only act of negligence alleged on the part of the railroad company is alleged acts of negligence on the part of the servant, R. C. Carter, and it has not been proved that R. C. Carter was in charge of the train or guilty of any act of negligence or wantonness.

*Messrs. Frank G. Tompkins, and Bonham, Price & Poag,* for appellants, cite: *Liability for damages resulting from noises:* 96 S. E., 502; 122 S. W., 895; 23 L. R. A. (N. S.), 946. *No presumption of negligence:* 126 S. C., 231; 72 S. C., 398. *Trial judge has jurisdiction to set aside verdict after adjournment:* 69 S. C., 283; 98 S. C., 136; 94 S. C., 18; 68 S. C., 110; 47 S. C., 36; 103 U. S., 62; 26 L. Ed., 369. *Exoneration of agent of negligence exonerates prin-*

*cipal:* 104 S. C., 266; 106 S. C., 20; 109 S. C., 245; 125 S. E., 651.

*Messrs. W. H. Nicholson,* and *Mays & Featherstone,* for respondent, cite: *Cases distinguished:* 104 S. C., 266. *"Non obstante veredicta"* cannot be raised for *first time on appeal:* 33 C. J., 1188. *Made immediately after verdict:* 15 R. C. L., 608. *Rendered only for plaintiff:* 40 S. C., 213; 54 S. C., 125, 346. *"Defendant's remedy":* 15 R. C, L., 608. *Specific not general charge negligence:* 130 S. C., 165; 82 S. C., 345; 47 S. C., 28; 99 S. C., 422; 118 S. C., 153; 93 S. C., 329; 75 S. C., 293.

March 15, 1927.  On petition for rehearing, April 7, 1927.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

Action for tort brought in the Court of Common Pleas of Greenwood County by the plaintiff, Rhodes, against Southern Railway Company and one of its engineers, Carter, as defendants. The trial before Hon. S. W. G. Shipp, Circuit Judge, resulted in the following verdict:

" Verdict against Southern Railway only account this steam being beyond Engineer R. C. Carter's control for plaintiff of eight hundred dollars."

From the verdict and judgment, Southern Railway Company has appealed to this Court.

When the plaintiff announced that his case was " rested," a motion for nonsuit on behalf of Southern Railway Company was made.  Plaintiff's counsel admitted that, on the testimony submitted, the defendant Carter was entitled to a nonsuit, and the trial Judge stated that, if a motion was made in behalf of that defendant, he would grant it.  The attorney for the defendants announced that he did not make any such motion as to Carter.  Thereupon the attorneys for the plaintiffs requested that they be permitted to offer additional testimony, which the

Court allowed. It is urged here that the action in allowing the plaintiff to reopen his case, under the circumstances mentioned, was improper. In *Carter v. S. A. L. Ry. Co.,* 114 S. C., 517; 104 S. E., 186; this Court, speaking through Mr. Justice Gage, said this:

"All the competent and relevant testimony in a cause ought to be presented to the jury, and the order of its presentation is often a secondary matter, so justice is done."

Under the authority of that case, as well as the case of *Denny v. Doe,* 116 S. C., 307; 108 S. E., 95, we approve the action of the Circuit Judge.

At the close of plaintiff's testimony, the defendant Southern Railway Company asked for a nonsuit on six grounds, which will be reported. The failure to grant a nonsuit is alleged by several exceptions to have been erroneous.

The plaintiff, in his complaint, alleged that the injuries, claimed to have been received by him, were occasioned under these circumstances, briefly stated: That he was driving a team of mules on a street in the city of Greenwood adjacent to the railroad track of the railway company, which street was frequented by persons driving teams along the same, all of which was known, or should have been known, to the railway company and its employees, and as an engine of the railway company, in charge of Carter, as engineer, reached its closest point of proximity to plaintiff and his team, " the defendants, by their joint and concurrent negligence, carelessness, recklessness, gross negligence, willfulness, and wantonness, unnecessarily caused and allowed said engine to make a sudden, loud, and unusual noise, and to suddenly emit an unusually great volume of steam, which spread out rapidly from the tracks of the defendant company and reached to and around the team of the plaintiff, which noise and steam were calculated to frighten a team of horses or mules, and actually did frighten plaintiff's team and caused same to jump violently and run away, and to

throw the plaintiff from the wagon, thereby breaking his left leg."

The liability of a railway company for injuries occasioned by frightening horses and mules, by the making of unnecessary noises and permitting the escape of steam, seems to us to be correctly stated in Cyclopedia of Law and Procedure as follows:

"Railroad company's authority to operate railroad includes the right to make any noise necessarily incident to the operation of its road and the movement and working of its engines; and it is not liable therefore for injuries occasioned by horses taking fright at the ordinary movements, noise, or appearance of trains of cars, or at other noises necessary to the operation of its road, unless under the circumstances of the particular case the railroad employees have reason to apprehend injury therefrom and fail to use due care to prevent it, or unless they are otherwise so negligent in running the train or cars that their ordinary movement naturally frightens a horse. But where the acts of the railroad employees in operating its trains, cars, or other apparatus are unnecessary, negligent, or wanton, and a horse is frightened thereby and injuries are caused without any fault on the part of the injured person, the railroad company is liable.

" * * * The usual and proper sounding of whistles or other signals, or the proper escape of steam from its engines, is not negligence, and does not make the railroad company responsible for injuries caused by horses becoming frightened thereat. But where the employees unnecessarily, negligently, or wantonly, blow the whistle, or allow the steam to escape, thereby causing horses to become frightened, the railroad company is responsible for the resulting injury; and this is especially true where the acts are done in violation of statute." 33 Cyc., 936, 937, 938.

The plaintiff offered testimony to show that the place where his injuries were alleged to have occurred was a highway frequently used by teams and

vehicles, and that this fact was well known to the railway company and its servants; that, just as the engine (which was a switch engine) and train of cars got opposite plaintiff's team, the steam "popped off" and "squealed out" from under the engine and on both sides thereof, and came towards the plaintiff's mules and under them; that it came in an unusual amount, and that the "pop off" was not "like an ordinary engine," and that the steam was let off in an unusual way, and that the noises were unusually loud. There was also testimony that the defendant Carter was engineer in charge, and that accompanying him on the engine was a negro fireman. Mr. Carter was a witness for the defendants, and denied allowing steam to escape in any unusual quantity. The negro fireman was not called as a witness. We think the evidence on the part of the plaintiff was entirely sufficient, under the rule of the law quoted before, to carry the case to the jury.

The appellant insists, however, that as the plaintiff alleges "joint and concurrent" acts on the part of Carter and the railway company, and that, as it claims, there was no evidence that Carter was guilty of any negligence, or that he was connected in any way with the injury alleged to have been received by the plaintiff, and because there was no proof of any joint negligence on the part of the two defendants, the motion for nonsuit should nevertheless have been granted. The same position of the appellant is also referred to in other exceptions as to another phase of the case, which will be referred to later.

As stated before, we think there was evidence to carry the case to the jury as to both of the defendants. Even if there was none to require the submission to the jury as to the defendant Carter, however, the appellant railway company cannot take advantage of that fact, since it was distinctly announced by the attorneys for the defendants that a nonsuit was not asked for as to Carter.

Again, in a suit for a joint and concurrent tort, proof of the commission of the tort by one of the defendants only is sufficient to take the case to the jury, and to justify a verdict against that defedant. *Carter v. Railway Co.,* 93 S. C., 329; 75 S. E., 952. *Ruddell v. Railway Co.,* 75 S. C., 293; 55 S. E., 528 *Gardner v. Railway Co.,* 65 S. C., 431; 43 S. E., 816. *Schumpert v. Railway Co.,* 65 S. C., 332; 43 S. E., 813; 95 Am. St. Rep., 802.

When the verdict of the jury, quoted in full above, was returned, counsel for plaintiff stated to the Court that he thought it would be proper to instruct the jury about the wording of the verdict and get it in the usual form. The trial Judge announced that he thought the verdict was perfectly plain. Attorneys for the defendants made no motion or any comment as to the form of the verdict. After the verdict was rendered and the jury discharged, the attorneys for the railway company made a motion for a new trial. This occurrred late at night and by consent of all parties it was agreed that this motion would be heard at Laurens, after the final adjournment of the Court of Common Pleas of Greenwood county. The trial Judge entered the motion for a new trial on the calendar, and marked it " heard." No other entry was made.

When the attorneys for the parties appeared at Laurens to argue the motion for a new trial, the plaintiff's attorney announced that he was not averse to the granting of the motion, and Judge Shipp stated that he would grant the same, but the attorney for the appellant withdrew that motion. The appellant's attorney then moved that the verdict in the cause be set aside, and judgment entered for the defendants generally, upon these grounds, stated briefly: (1) That the only negligence charged in the complaint against the railway company were acts of negligence alleged against the engineer, Carter, and that the verdict of the jury having acquitted Carter, thereby the

railway company was also acquitted; (2) that the verdict established the fact that the escaping steam was beyond the control of the engineer, and that the evidence showed that the only steam which was beyond his control was that which escaped from the safety valve; (3) that, under the testimony and verdict, it would be improper to allow a verdict against the railway company to stand, since there is no act of negligence alleged or proved to sustain the same. Judge Shipp held that he was without jurisdiction to set aside the verdict; all he could do was to entertain the motion for a new trial; and in that holding we think he was correct.

Counsel for appellant cites the cases of *Roberts v. Wessinger,* 69 S. C., 283; 48 S. E., 248. *Lummus Cotton Gin Co. v. Counts,* 98 S. C., 136; 82 S. E., 391. *Stokes v. Murray,* 94 S. C., 18; 77 S. E., 712. *Rushton v. Woodham,* 68 S. C., 110; 46 S. E., 943, and *State v. Fullmore,* 47 S. C., 34; 24 S. E., 1026, to show that the Circuit Judge had jurisdiction of the motion made by the appellant. We do not think these cases are in point here. In the case at bar, when the judge marked the motion for a new trial " heard," it gave him full authority to hear that motion, and the cases cited here are authority to that effect. They do not bear out the contention of the appellant that, after the Court of Common Pleas of Greenwood county had adjourned *sine die,* the judge had the right to set aside the verdict and judgment. If it should be conceded, however, that Judge Shipp should have entertained, in the hearing at chambers before him at Laurens, the motion of the appellant, still it is our opinion that the motion should have been refused. The appellant, in its exceptions, asked this Court to hold that the verdict is improper and should be set aside, and for that reason we pass particularly upon that question.

It is contended that this case comes clearly within 6, 7 the rule laid down in the recent cases of *Sparks v. Railroad,* 104 S. C., 266; 88 S. E., 739. *Jones v. Railroad,* 106 S. C., 20; 90 S. E., 183. *Collins-Plass Thay-*

*er Co. v. Hewlett,* 109 S. C., 245; 95 S. E., 510, and *Durst v. Southern Railway,* 130 S. C., 165; 125 S. E., 651. In these cases, it was held that where the only negligence charged against the principal was an act of negligence of the agent, and where the verdict exonerated the agent from the charge of negligence the effect was to also relieve the principal, and that a verdict against the principal should be set aside. The case here is different. The complaint not only sought to hold the railway company for negligence on account of the acts of its engineer, but it also alleged negligence, generally, against the railway company. *There was evidence to sustain the finding of the jury that the railway company through some other servant, perhaps the fireman, may have been guilty of negligence, although its codefendant, Carter, was not guilty.* In our opinion, the verdict, as stated by Judge Shipp, showed clearly that the intention of the jury was to hold the railway company liable and to acquit the defendant Carter. We think, too, that any objection to the form of the verdict should have been made by the defendant in open Court before the jury was discharged. *Rhame v. City of Sumter,* 113 S. C., 151; 101 S. E., 832. *McAlister v. Thomas & Howard Co.,* 116 S. C., 319; 108 S. E., 94. *Thornhill v. Davis,* 121 S. C., 49; 113 S. E., 370; 24 A. L. R., 617.

It is the judgment of this Court that all the exceptions be overruled, and that the judgment of the lower Court be, and the same is, affirmed.

MR. CHIEF JUSTICE WATTS and MR. JUSTICE STABLER, concur.

MR. JUSTICE COTHRAN (dissenting) : I do not think that there can be a doubt but that the complaint is based upon the theory that the alleged tort was committed by the engineer, and that, from his tort, liability attached to the corporation master. The suit was first instituted against the railway company, and it is easy to surmise that, due to something that happened before the defendant answered,

and for the purpose of preventing a *perhaps* threatened re-
moval to the federal Court, the complaint was amended by
making the engineer a party defendant to the suit. The
point of difference between Mr. Justice Blease and myself,
and the point upon which this appeal turns, is the correct-
ness of the following statement contained in his opinion:

"The complaint not only sought to hold the railway com-
pany for negligence on account of the acts of its engineer,
*but it also alleged negligence generally against the railway
company."*

If his premises are correct his conclusion is inevitable,
under the principles declared in the case of *Durst v. Rail-
road Co.,* 130 S. C., 165; 125 S. E., 651. The real issue
then in this appeal is whether the foregoing statement is
correct. I do not think that it is. On the contrary, the
complaint plainly indicates that no separate act of negli-
gence, apart from the specific act of the engineer, is imputed
to the company.

Counsel for the plaintiff contends that the defendant
made no motion to require him to make more definite and
certain the allegation of negligence of the defendant com-
pany. Why should such motion have been made when the
complaint so definitely and certainly sought to hold the
company liable for the negligence of the engineer specifi-
cally detailed? The complaint alleges, in paragraph 7, the
acts of negligence upon which the plaintiff relies, limited
specifically to the acts of the engineer, without the slightest
suggestion of a general charge of negligence against the
company. It is as follows:

"That the direct and proximate cause of the said injuries
and damage to the plaintiff was the joint and concurrent
negligence, carelessness, recklessness, gross negligence, will-
fulness, and wantonness of the defendants *in the following
particulars,* to wit: (a) In causing and allowing said engine
to unnecessarily emit the said unusual noise and steam
when adjacent to the said highway, on which the defend-

ants knew or ought to have known that persons with teams were likely to be passing, which teams would likely be frightened and caused to do injury by the said noises and steam; (b) in causing and allowing said engine to unnecessarily emit the said unusual noise and steam when in close proximity to the plaintiff and his team, when the defendants knew or ought to have known of their presence, and that said team was likely to be frightened and caused to injure the plaintiff by said noise and steam."

How it is possible to draw from these specific allegations a general charge of negligence against the company, either by its own act or by that of some other servant than the engineer, I cannot conceive. The defendants, *the company and the engineer,* were charged with causing the unnecessary escape of the steam. The engineer was of course in charge of the engine and its steam. Who else could have been guilty of the charge than the engineer or who else was intended to be charged but the engineer? The Circuit Judge rightly construed the complaint when he said:

*"Here is a case where the only act of negligence charged is through the agent,"* the engineer.

It is true that in his charge he veered somewhat from this construction when he said:

" If you find that the railroad company was negligent in some way in which the engineer was not concerned, if the acts of negligence occurred by some act of the railroad company, but not through some other agency of the company, in that case you could find a verdict against the railroad company and not against the engineer."

This part of the charge was improper, for the reason that the complaint counted solely upon the negligence of the engineer, and there was, besides, no evidence tending to show any act of negligence on the part of the company or of any other servant than the engineer.

It is stated in the opinion of Mr. Justice Blease:

"There was evidence to sustain the finding of the jury

that the railway company, *through some other servant, perhaps the fireman, may have been guilty of negligence,* although its codefendant, Carter, was not guilty." (Italics added.)

I cannot find in the record the slightest evidence to sustain this conclusion, or even the slightest evidence of an effort of plaintiff's counsel to deviate from the set of their compass, the negligence of the engineer. It appears, therefore, to me that, the complaint relying solely on the act of the engineer, and the verdict exonerating him, the judgment cannot stand under the cases cited by Mr. Justice Blease, the *Jones case,* and others.

It is suggested that the defendant should have moved for a correction of the verdict. Counsel for the plaintiff did make the motion, but the Circuit Judge did not deem it necessary. Besides, I do not see that it was incumbent upon the defendant to move for the transmutation of a verdict which did not bind it into one that did. The cases cited presented very different conditions.

It is stated in the opinion of Mr. Justice Blease:

"Again, in a suit for a joint and concurrent tort, proof of the commission of the tort by one of the defendants only is sufficient to take the case to the jury and to justify a verdict against that defendant."

As a general rule, applied to cases of *strictly joint tort,* where all of the defendants are charged with actual participation in the tort, the statement is entirely correct; but applied to a case in which the master is held liable for the sole act of his servant, a case of *constructive* joint and several liability, a verdict against the master and exonerating the servant, upon whose act alone the liability of the master has been predicated, cannot be sustained, as has been frequently held by this Court.

I think, therefore, that the judgment should be reversed.

ON PETITION FOR REHEARING

*Per Curiam.* This petition is based absolutely upon testimony from the defendant's viewpoint. It overlooks the testimony of the plaintiff. There was plenty of testimony to show a reasonable probability of negligence on the part of some one on the engine. The defendant Carter testified that he was not negligent. The jury evidently agreed with his contention, and yet found that some one else had allowed the steam to negligently escape. The petition for rehearing is therefore refused.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES BLEASE and STABLER, concur.

MR. JUSTICE COTHRAN (dissenting) : I do not think that it is at all accurate, or quite fair to the counsel for the petitioner, to declare, as is done in the order dismissing the petition, that " this petition is based absolutely upon testimony from the defendant's viewpoint." I understand the position of the defendant to be this : The facts alleged in the complaint disclose a case of joint and concurrent tort; the plaintiff had the option of suing the tort-feasors separately or jointly, he exercised the option of suing them jointly; he can recover only upon the proof of joint liability; the verdict of the jury having exonerated one of the defendants, the plaintiff's cause of action necessarily has failed, and the judgment against the company alone should be reversed. I do not consider that this at all raises a question other than one of law. It is not a " position based absolutely upon testimony from the defendant's viewpoint." The reply in the main opinion to the position of the defendant as above outlined is :

"Again, in a suit for a joint and concurrent tort, proof of the commission of the tort by one of the defendants only is sufficient to justify a verdict against that defendant."

This is an absolutely correct statement as applied to an action against either of the joint tort-feasors, *separately;* but where the action is against both as upon a *joint liabil-*

*ity,* upon which theory alone could it be maintained, the plaintiff must lie upon the bed which he has made, and cannot recover except upon proof of a *joint tort* and a *joint liability.* Assuming then, as to which there can be no doubt, that the plaintiff, upon the facts stated in his complaint, was free to sue either of the defendants, separately, upon his or its several liability, or to sue them jointly, when he adopts the latter option, he abandons the idea of several liability, and relies solely upon proof of a joint liability.

The case of *Pendleton v. Railroad Co.,* 133 S. C., 326; 131 S. E., 265, presents an exceedingly clear and instructive discussion of the subject, in an opinion by Justice Marion, with his accustomed logic and exquisite diction. In that case the plaintiff sued the street car company and one L. E. Dicks, alleging separate and independent acts against each of the defendants; against the company it was alleged that the plaintiff had been discharged from the car in which he was riding, at a dangerous place in the middle of a block; against the defendant Dick, that he negligently ran an automobile over him; that the injury sustained by him was due to the combined negligence of the two defendants. The appeal was from an order refusing to require the plaintiff to elect as between the separate and several acts of the defendants and their joint negligence. The order appealed from was affirmed for the reason that the plaintiff had elected by the form of his action to rely upon a joint cause of action and the election was unnecessary. The opinion declares:

" Since the liability of such tort-feasors is both joint and several, it is well settled that the law gives to the injured party the option of suing two or more of the parties liable jointly; that is, as defendants in one action, or of suing each upon his several liability in a separate action. And since the injured party's right to join two or more alleged tort-feasors in one action may be sustained only upon the theory of a joint liability, when a plaintiff joins two or more

alleged wrongdoers as parties defendant in one action, such joinder in itself necessarily implies that he has elected to treat his injury as a joint tort, and *to recover upon the theory of joint liability.*"

And further:

" The plaintiff expressly alleges that the separate acts of negligence attributed to each of the defendants concurred and co-operated to produce the result—the injury complained of. Having elected to (sue) the two defendants in one action, and having alleged that the acts of each concurred in causing his injury—the only theory upon which he was entitled to sue both in one action—*he must recover, if at all, upon the theory of joint liability,* and not upon that of separate causes of action predicated upon the several liability of the two defendants."

I do not think that any other authority than this recent decision is needed, though I may say that an examination of the authorities elsewhere fully sustains the conclusions announced.

"Where a joint tort is alleged, there can be no recovery without proof of a wrongful act by both defendants." *Gilfillan v. King,* 239 Pa., 395; 86 A., 925.

"A failure to prove the joint liability of" persons charged as joint tort-feasors, is " a failure to prove the cause of action alleged." *Livesay v. Bank,* 36 Colo., 526; 86 P., 106; 6 L. R. A. (N. S.), 598; 118 Am. St. Rep., 120.

I cannot understand how it can be said that the complaint alleged *negligence generally* against the railroad company, when it so distinctly alleged a joint and concurrent act of negligence against the company and the engineer, and specifies the particular.

The order refusing the petition further states:

" There was plenty of testimony to show a reasonable probability of negligence on the part of some one on the engine. The defendant Carter testified that he was not negligent. The jury evidently agreed with his contention

and yet found that some one else had allowed the steam to negligently escape."

I have not been able to discover this *abundance* of evidence *or even a trace of it.* The verdict fixes the source of the emission of steam as the safety valve, for it finds that the steam was beyond the engineer's control, and the safety valve was the only appliance connected with the escape of steam that was not within his control. If it came from the safety valve, we must take cognizance of the fact that that valve is placed there beyond the control of *any* employee, to " pop off " automatically, so that neither the engineer nor the fireman had the power, and it was intended that they should not have it, to discharge steam therefrom. If not from the safety valve, whence did it come? There is nothing in the record to give answer to this question. The case of *Green v. Railroad Co.,* 72 S. C., 398; 52 S. E., Ann Cas., 165, declares:

" The cause of the accident is purely conjectural. There is no more reason to supose it was due to a defect in the machine than to an unconscious error of the plaintiff in its operation, or to some other undiscoverable cause for which neither party was responsible. 'A servant cannot recover where it is merely a matter of conjecture, surmise, speculation, or superstition, whether the injury was or was not due to the negligence of the master.' "

The fact that the plaintiff in this case was not a servant in no wise changes the principal. It is the baldest conjecture that the fireman or some one else on the engine allowed the steam to escape. The fireman, certainly when the engineer was at his post, as the complaint alleges, had nothing to do with the engine, and could not as a physical fact have made the steam escape if he had desired to do so.